## CREEDON v. POLIS.
### No. 7491.

District Court, E. D. Pennsylvania.
Jan. 8, 1948.

Conrad G. Moffett and Albert C. Osofsky, both of Philadelphia, Pa., for plaintiff.

Charles Polis, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action by the Housing Expediter against the defendant landlord to recover damages for alleged rental overcharges, to compel restitution to the tenants of rental payments in excess of the maximum legal rent allegedly exacted from the tenants by the defendant, and for injunctive relief.

The defendant has moved to dismiss the complaint for failure to join indispensable parties. The "indispensable parties", says the defendant, are the tenants to whom he would be obliged to make restitution, should restitution be awarded. The defendant in his motion to dismiss alleges that "there are conflicting claims and counterclaims between the defendant and the omitted persons."

I do not agree with the defendant's argument that the tenants to whom he would be obliged to make restitution are "indispensable parties". However, I think that they are certainly interested parties. Since the plaintiff's prayer for restitution is addressed to the equitable discretion of the Court, I think that, on equitable principles, it would be highly desirable to have the tenants before the Court in determining the issue of restitution, inasmuch as the defendant has alleged the existence of claims and counterclaims against such tenants. The United States Supreme Court has indicated the desirability of this procedure in the leading case of Porter v. Warner Holding Co., 328 U.S. 395, 66 S. Ct. 1086, 90 L.Ed. 1332. In that case Mr. Justice Murphy, speaking for the Court, said, in 328 U.S. at page 403, 66 S.Ct. at page 1091: "Should the court decide to issue a restitution order and should there

appear to be conflicting claims and counterclaims between tenants and landlord as to the amounts due, the Court has inherent power to bring in all the interested parties and settle the controversies or to retain the case until the matters are otherwise litigated."

The defendant's motion to dismiss the complaint will be denied. However, an order may be entered directing that the tenants be added as parties plaintiff in the Housing Expediter's action for restitution, so that any counterclaims of the defendant relating to the cause of action may be proved in an amount not to exceed the plaintiff's claim.