**CREEDON, Housing Expediter, v. BANKER et ux.**

**No. 12140.**

United States Court of Appeals
Fifth Circuit.

Nov. 17, 1948.

As Amended Jan. 18, 1949.

Hugo V. Prucha, Chief, Litigation Unit, OHE, Nathan Siegel, Sp. Appellate Atty., OHE, and Cecil H. Lichliter, Atty., OHE, all of Washington, D. C., and J. Edwin Fleming, Litigation Atty., OHE, and H. C. Happ., Regional Rent Atty., OHE, both of Dallas, Tex., for appellant.

W. Wroe Owens, of Austin, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

This was a suit for injunction and restitution under Sec. 205(a) and, in the alternative, for triple damages to the Government under Sec. 205(e) of the Emergency Price Control Act of 1942, as amended, § 925(a) and (e) of Title 50 U.S.C.A.Appendix, in which the tenant was not before the Court either as a defendant or as a witness and wherein the defendant filed a counterclaim against the tenant. The Court directed a verdict for the Expediter against the defendant under Sec. 205(e) in the sum of $30. The jury made special findings that the tenant had damaged the personal property of the landlord in the amount of $44.45. Thereupon the Court decreed that no damages should be recovered by the plaintiff and that no restitution should be awarded the tenant, and that all costs of the action should be assessed against the defendant.

It is our view that since no restitution was allowed to the tenant, and since the tenant was not a party in this case, no counterclaim or set-off could have been allowed. Moreover, since the recovery was expressly adjudged to be under Sec. 205(e) and enured wholly to the United States, no set-off could have been allowed.

This case is controlled by the opinion this day filed in Woods v. Selber, 5 Cir., 171 F.2d 900.

The judgment of the lower Court is, reversed with directions to enter judgment in favor of the United States for the sum of $30 as found by the jury and to vacate the verdict and judgment as to the damages in the sum of $44.45 and to dismiss the counterclaim.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.