**WOODS, Housing Expediter, v. SELBER et al.**

No. 12322.

United States Court of Appeals Fifth Circuit.

Jan. 18, 1949.

Ed Dupree, Gen. Counsel, OHE, Hugo V. Prucha, Asst. Gen. Counsel, OHE, and Francis X. Riley, Sp. Litigation Atty., OHE, all of Washington, D. C., and J. Edwin Fleming, Litigation Atty., OHE, and H. C. Happ, Regional Rent Atty., OHE, both of Dallas, Tex., for appellant.

Albert J. DeLange and C. M. Hudspeth, both of Houston, Tex., for appellees.

Before HOLMES, WALLER, and LEE, Circuit Judges.

PER CURIAM.

The Expediter, as plaintiff, brought suit in the Court below against the landlord

for rent charged in excess of that fixed pursuant to the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. He sought injunction and restitution under Sec. 205(a) and statutory damages under Sec. 205(e) of the Act, 50 U.S.C.A.Appendix, §§ 925(a) and 925(e), respectively.

The complaint alleged that the defendants had demanded and collected from W. J. Walker, Jr., rent on a certain apartment in Houston, Texas, in the sum of $254.80 in excess of the allowed maximum. Defendants denied the overcharges, pleaded lack of willfulness, and, by way of a counterclaim, alleged failure to pay rent, and damage to the property, by the tenant.

The plaintiff undertook to show at the trial that there was a tie-in sale of furniture in that the landlord required the tenant to pay $300 for the furniture in the apartment as a condition of renting same. On objection by defendants all testimony as to the sale of the furniture was ruled out for the reason that the complaint contained no allegations in reference thereto. The only mention of a tie-in sale of furniture by the plaintiff was in his requests for admissions and in the answers thereto. When the lower Court sustained the objection to the introduction of testimony in reference to the alleged tie-in sale, no motion, under Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.A., was made then, nor at any time thereafter, to amend the complaint so as to include allegations as to the tie-in and also a prayer for the restitution of the amount of $300 paid for the furniture.

The lower Court found, in accordance with the contentions of plaintiff, that there had been an overcharge of rent in the sum of $42. It also found, contrary to the contentions of plaintiff: (a) That defendants, in making the overcharge, were not willful nor culpable in failing to take practical precautions; and (b) that the tenant owed the landlord rent in the sum of $12.

Pursuant to these findings the lower Court adjudged that although the rent order "was plainly oppressive," nevertheless, in the absence of an appeal by defendants, it was binding, and the plaintiff was entitled to recover the sum of $42. It further ordered that no execution should issue until the tenant, Walker, had paid to the defendant the arrearage in rent in the sum of $12; that the plaintiff should have no other relief; that no costs be taxed against the defendants; and that tenant should have no relief.

The Director, appealing, specifies as error:

1. That the Court erred in excluding the testimony as to the alleged tie-in sale of furniture because the defendants had been apprised of plaintiff's claim by the request for admissions.

2. That the Court erred in refusing to permit execution to issue until the tenant reimbursed the landlord for the $12 arrearage in rent.

Counsel for the Expediter strenuously argues that although there was no claim included in the complaint for restitution of the sum paid by the tenant to the landlord as a tie-in sale of the furniture, nevertheless, his request for admissions and the answers thereto afforded knowledge to the defendants of the existence and inclusion of the claim, and that under Rule 15(b), F.R.C.P., the evidence should have been received.

Rule 15(b) provides, in substance, that if issues are tried by express or implied consent of the parties they shall be treated in all respects as if they had been raised in the pleadings even though they were not so raised, and that such an amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise the issue may be made upon motion of either party at any time, even after judgment, but that the failure so to amend shall not affect the result of the trial of such an issue. We think that the Court was right in sustaining objection to admission of evidence because there was no predicate therefor in the pleadings. If at that juncture, however, the plaintiff had requested the allowance of an amendment, the Court could have allowed such an amendment on such terms as were proper. No such request was made and the case was not tried on this issue either with, or without, the express or implied consent

of the defendants. Rule 15(b), therefore, is not applicable, and the Court did not err in excluding the evidence.

The only other specification of error deals with the provision in the order of the lower Court that no execution should issue in behalf of the plaintiff against the defendants until the tenant, Walker, had paid the $12 in rent that he was in arrears.

In order to ascertain whether this was error it is necessary that we carefully consider the provisions of subsections 205(a)[1] and 205(e)[2] of the Emergency Price Control Act, Title 50 U.S.C.A.Appendix, §§ 925(a) and 925(e).

Subsection 205(a), which will be hereafter referred to as "(a)," authorizes the Administrator to apply for an order for an injunction or for an order enforcing compliance with any provision of the law believed to have been violated and, upon an appropriate showing of actual or prospective violations, a "permanent or temporary injunction, restraining order, or other order shall be granted * * *."

Under this section it has been held that the Administrator was authorized to seek, and the courts were authorized to decree, restitution to the tenant of any overcharge of rent by the landlord. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Creedon v. Randolph, 5 Cir., 165 F.2d 918.

Subsection 205(e), which will be hereafter referred to as "(e)," provides that any person who buys, not in the usual course of trade or business, a commodity

---

[1] Title 50 U.S.C.A.Appendix, § 925 (a) is as follows:

"(a) Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act (section 904 of this Appendix), he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

[2] Title 50 U.S.C.A.Appendix, § 925 (e) is as follows:

"(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In any action under this subsection, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges if the defendant proves that the violation of the regulation, order, or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction. A judgment in an action for damages under this subsection shall be a bar to the recovery under this subsection of any damages in any other action against the same seller on account of sales made to the same purchaser prior to the institution of the action in which such judgment was rendered."

and pays in excess of the maximum price, shall have the right, within one year from the date of the occurrence of the violation, to bring an action against the seller on account of such overcharge, and that in such action the seller shall be liable for reasonable attorney's fees and costs and for an amount not more than three times the amount of the overcharge, or, in the alternative, an amount not less than $25 nor more than $50 if the latter is greater than three times the amount of the overcharge—as the court may in its discretion determine, but that if the court should find that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation, the amount of the recovery shall be only the amount of the overcharge.

This section also provides that if the buyer of a commodity sold in excess of the maximum price should fail to institute an action within thirty days from the occurrence of the violation, or should not be entitled for any reason to bring the action, the Administrator shall thereafter be entitled to institute such action on behalf of the United States within such one-year period, and if such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation.

In the present case the tenant, Walker, failed to bring an action against the landlord within said thirty-day period. Such failure, therefore, gave rise to this suit by the Expediter [Administrator] under subsection (e). No right of action is accorded to the buyer under subsection (a) and consequently the failure of the buyer to bring action thereunder is in no wise a condition precedent to the bringing of a suit thereunder by the Administrator.

The relief granted by the lower Court in the present case, however, seems to have been entirely under subsection (e) since:

(1) No injunction was allowed; (2) no restitution was ordered; (3) no equitable order of any nature as embraced in subsection (a) was made; (4) no recovery by the tenant was allowed by way of restitution or otherwise. The findings of fact and conclusions of law show conclusively that no equitable relief was granted under subsection (a), but, on the contrary, that the recovery of $42 allowed to the Expediter was under subsection (e), which is the only subsection that affords a legal remedy either to the buyer or to the Administrator.

The tenant, W. J. Walker, Jr., was not a party to the suit. There was no award of restitution to him against which an offset could have been made. The defendants could recover nothing under their counterclaim against a tenant not before the Court, in whose behalf no order of restitution was made. In the absence of an order of restitution to such absent tenant, any allowance of a counterclaim as an offset against the overcharge that was payable only to the United States would have been tantamount to the allowance of a claim against the United States, lacking in statutory authority, and contrary to Rule 13(d), F. R. C. P.

In the absence of an order of restitution to the tenant against which the counterclaim of the defendant could have been allowed, it was error for the lower Court to provide as a condition precedent to the execution by the United States that the tenant must first pay the arrearage in rent.

The judgment is hereby modified and amended by striking therefrom the following language: "but that process for the collection thereof [be] not issued until W. J. Walker, Jr., the former tenant, pays to Defendant the sum of $12.00 due as delinquent rent," and as so modified and amended is in all other respects affirmed.