## WOODS v. HARRIS.

## UNITED STATES v. HARRIS.

Nos. 9413, 9750.

United States District Court
E. D. Pennsylvania.

July 13, 1950.

19. 3 Cir., 169 F.2d 514, 525.

20. Brand v. Ogden-Howard Co., 1 W.W. Harr.,Del., 88, 101, 111 A. 370, 375.

See also D.C. 89 F.Supp. 537.

Albert C. Osofsky, Office of the Housing Expediter, Philadelphia, Pa., for plaintiff.

A. Allan Goodman, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

The Housing Expediter instituted Civil Action 9413, seeking certain injunctive relief and restitution to the tenants, under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. The United States instituted Civil Action 9750, under the 1947 Act, seeking injunctive relief, restitution and treble damages. The original defendant died and his administratrix was substituted. The substituted defendant has filed two motions in each case: (1) a motion to discontinue the action against the defendant administratrix, and (2) a motion to join tenants as parties plaintiff, so that conflicting claims and counterclaims between them and the defendant may be disposed of in each action.

The first motion is based on the contention that, inasmuch as the administratrix has no authority over the decedent's real property, she is not a proper party in actions of this nature. The argument overlooks the elementary proposition that the actions here are personal actions and survive the original defendant's death, see 89 F.Supp. 537. The administratrix, having been properly substituted, succeeds to the liability of defending the suit. With respect to the relief of damages and restitution, the administratrix's lack of connection with the real property is irrelevant. Of course, injunctive relief, by way of an order requiring defendant not to violate the law by collecting rent over the ceiling, would not be granted against the administratrix where she has no authority to collect any rents.

In support of the second motion, defendant cites several cases in this district where tenants have been added as parties plaintiff by order of the Court. Creedon v. Polis, D.C., 7 F.R.D. 652; Creedon v. Wilson, D.C., 10 F.R.D. 488; Woods v. Whelan, D.C., civil action 9091, July 6,

1946.[1] The Housing Expediter and the United States point out some serious objections to the procedure. The mere allegation, in the motion, of the existence of "conflicting claims and counterclaims between the defendant and omitted persons," without any averment of facts as to the nature of the counterclaims, is hardly enough to satisfy the Court of the necessity or desirability of employing its inherent power to bring other parties in as plaintiffs, toward the end that all interested parties should be before the Court for a settlement of the entire controversy. See Porter v. Warner Holding Co., 328 U.S. 395, 403, 66 S.Ct. 1086, 90 L.Ed. 1332. However, in order to conform to what appears to be the established procedure in this district, the motion will be granted, but with the limitation that any counterclaim asserted by the defendant against the added plaintiffs must be in the nature of a compulsory counterclaim under Rule 13(a), Fed.Rules Civ.Proc. 28 U.S.C.A., and may be proved in an amount not to exceed the amounts awarded in restitution.

1. No opinion for publication.