**UNITED STATES v. DOVOLIS et al.**

Civ. A. No. 3948.

United States District Court
D. Minnesota, Fourth Division.

April 25, 1952.

Randel J. Elmer and Lyman C. Bybee, of the Office of Rent Stabilization, Chicago, Ill., for plaintiff.

Gordon E. Larkin, of Minneapolis, Minn., for defendants.

NORDBYE, Chief Judge.

This is an action brought by the United States under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881, et seq. It seeks to obtain a tem-

porary restraining order, preliminary and final injunction enjoining the defendants from any violations of the said Act in the particulars set forth in the prayer of the complaint. As a part of this equitable relief, plaintiff requests that defendants be ordered to return to the Treasurer of the United States, for and on behalf of the parties entitled thereto, a refund of all amounts in excess of maximum rents which may have been received by the defendants from any tenant as rent for the use and occupancy of the premises described therein. The only tenant involved is one L. D. Sargent, a resident of this city and subject to the jurisdiction of this Court. In addition, plaintiff seeks damages against the defendants in three times the amount of excess rent accepted or received by the defendants for the rental of the premises referred to. The prayer for relief further states that, in the event restitution to the tenant is ordered, the amount of the judgment for damages may be reduced "by the amount of such restitution as may be ordered for the period for which such damages may be awarded."

The question presented, therefore, is: Should the tenant, L. D. Sargent, as to whom restitution is to be made to the extent of any excessive rent collected, be included as a party plaintiff so that defendants' proposed counterclaim may be litigated as an offset against such restitution? The amount of the overcharge for restitution is alleged to be $603.75. The amount of the proposed offset is $125, alleged to have arisen by reason of wilful and wanton destruction of a portion of the leased premises by the tenant, L. D. Sargent.

In analyzing plaintiff's complaint, it will be noted that it seeks to recover damages for three times the amount by which the payments accepted or received by defendants as rental exceeded the maximum rent which could be lawfully accepted for the premises in question. That right has inured to the plaintiff by reason of the fact that the tenant has not instituted an action for the recovery of excess rent or for liquidated damages. Consequently, the cause of action for such liquidated damages, which is the action at law, belongs to the United States, and as to that cause no counterclaim of offset as against the tenant can be prosecuted herein. Woods v. Selber, 5 Cir., 171 F.2d 900. However, in addition to this cause of action for liquidated damages, plaintiff proceeds in equity for injunctive relief and invokes the equitable arm of this Court in furtherance of this equitable proceeding to require the defendants to make restitution to the tenant to the extent of the excess rent collected. The prayer for restitution under these circumstances is an equitable adjunct to the injunction decree and is entirely independent of the Government's right at law under the Act to recover liquidated damages, either single or treble. It would seem, therefore, that as to such restitution, if granted, the teachings of Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, are controlling. On page 403 of 328 U.S., on page 1091 of 66 S.Ct., the court used the following language,

"* * * Should the court decide to issue a restitution order and should there appear to be conflicting claims and counterclaims between tenants and landlord as to the amounts due, the court has inherent power to bring in all the interested parties and settle the controversies or to retain the case until the matters are otherwise litigated."

Several lower courts have permitted offsets by the landlord in suits by the Government to compel restitution to tenants. Creedon v. Polis, D.C., 7 F.R.D. 652; Creedon v. Wilson, D.C., 10 F.R.D. 488; United States v. Steagall, D.C., 88 F.Supp. 98. And see also Woods v. Selber, 5 Cir., 171 F.2d 900; Woods v. York, 5 Cir., 171 F.2d 904; Creedon v. Banker, 5 Cir., 171 F.2d 904; Mattox v. United States, 9 Cir., 187 F.2d 406.

Certainly, the tenant, while not an indispensable party, is an interested party and one who is entirely appropriate to be joined so that if restitution is granted, the rights between the landlord and the tenant as to any offset may be determined

in one proceeding. The spirit of the new Federal Rules, 28 U.S.C.A., contemplates avoidance of circuity of litigation. Rule 13(h) provides for the bringing in of additional parties for the granting of complete relief in the determination of a cross-claim or counterclaim. Rule 19(b) affords to the Court the discretion to permit the joining of additional parties when "persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, * * *." No good reason is suggested why defendants should be relegated to a separate suit against this tenant to recover damages for alleged wilful destruction of a portion of the leased property when the Court is required to determine in this proceeding whether as a result of the tenancy any excess rents are to be restored to the tenant. If there is a valid offset, common fairness suggests that the tenant should have such offset imposed upon any restitution which may be ordered herein. If restitution is not granted, the claim for offset cannot be litigated in this proceeding and under such circumstances it should be dismissed.

It follows, therefore, that defendants' motion will be granted, and L. D. Sargent, for the limited purposes indicated, will be joined as a party plaintiff and the title of the action will be amended to read "United States of America and L. D. Sargent, plaintiffs, v. John D. Dovolis and N. J. Dovolis."

The proposed answer and counterclaim of defendants filed herein as of February 19, 1952, may stand as their answer and counterclaim herein. A copy of this order and a copy of the answer and counterclaim must be served by defendants forthwith upon the tenant, L. D. Sargent.

A reply to defendants' counterclaim may be filed within 20 days after the date of this order.

It is so ordered.

An exception is allowed to any parties aggrieved by this order.