**PORTER, Price Administrator, v. CHARLES R. KRIMM LUMBER CO. et al.**

**Civil Action No. 1495.**

District Court, M. D. Pennsylvania.

March 27, 1946.

Paul E. Pendel, of Scranton, Pa., for plaintiff.

Harry Alvan Baird, of Williamsport, Pa., and Arthur G. Warner, of New York City, for defendants.

WATSON, District Judge.

This is a suit by the Office of Price Administration for treble damages for alleged over-ceiling sales of lumber in violation of Maximum Price Regulation 368. An answer was filed containing several defenses and a "counterclaim."

The plaintiff then moved for an order "striking out the third and fourth defenses contained in the answer" on the grounds that they do not constitute a sufficient defense as a matter of law. The plaintiff further moved that the defendants' "counterclaim" be stricken.

The counterclaim must be dismissed with the observation that a counterclaim against the United States, or an officer or agency thereof, may not be asserted with certain exceptions which do not apply in this case. Federal Rules of Civil Procedure, Rule 13(d), 28 U.S.C.A. following section 723c. A counterclaim against the Office of Price Administration is a counterclaim against an agency of the Government, to which the above mentioned Rule 13 applies. Bowles v. Crew, D.C., 59 F.Supp. 809.

Defendants' answer contains paragraphs entitled "Third Defense" and "Fourth Defense," which make a direct attack on the validity of Maximum Price Regulation 368. Pertinent portions of the "Third Defense" read as follows: "Maximum Price Regulation No. 368, so far as it applies to the activities of these defendants, was and is invalid and unconstitutional in that: (A) The Regulation * * * compels changes in business practices * * * established in the hardwood lumber industry for many years. * * * (B) The Regulation is not in accordance with law and is arbitrary and capricious. (C) Prior to issuing the Regulation, the Price Administrator did not * * * advise or consult with representative members of the hardwood lumber industry * * *." Pertinent portions of the "Fourth Defense" read as follows: "Maximum Price Regulation No. 368 is * * * so ambiguous, vague, confusing and contradictory and has been subject to such conflicting interpretations of its various provisions * * * that it has been impossible for any business man to conform to said Regulation * * *."

The provision for review of regulations provides as follows, 50 U.S.C.A.Appendix, § 924(d): "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2 of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or

enjoin the enforcement of any such provision."

It is clear that this Court is without jurisdiction to consider the validity of a regulation promulgated under the Emergency Price Control Act and, therefore, the "Third Defense" and "Fourth Defense" must be stricken from the pleadings.

Plaintiff's motion is granted, and the "Third" and "Fourth" defenses and counterclaim contained in the answer of the defendants are stricken out.