## BOWLES v. GOTTERDAM.

Civ. No. 1465.

District Court, S. D. Ohio, E. D.
May 5, 1947.

J. Maxwell Maher and Forrest F. Smith, Attorneys, Office of Price Administration, both of Columbus, Ohio, for plaintiff.

Benjamin F. Levinson, of Columbus, Ohio, for defendant.

UNDERWOOD, District Judge.

This cause came before the Court for consideration on motion of the plaintiff for summary judgment. The action is one for treble damages, brought by the Office of Price Administration, and based upon alleged overcharges against certain tenants by the defendant landlord.

The complaint sets forth the usual formal allegations and in addition thereto, allegations of operative facts which may be briefly stated as follows: the premises in question were rented for the first time under rent control, on or about April 1, 1944. The defendant did not file his registration statement within thirty days as required by the regulations. Between the dates of April 1, 1944 and July 1, 1944, the defendant demanded and received from the tenants occupying the premises in question, the sum of $75 per month rent. A new tenant rented the accommodations on August 1, 1944 and occupied them until January 1, 1945, paying the defendant the sum of $75 per month therefor. On or about January 22, 1945, the Director of the Defense Rental Area issued an order effective January 1, 1944, decreasing the maximum rental from $75 per month to $42.50 per month, and the defendant was notified thereof. The defendant, however, failed and refused to refund the overcharges to his tenants and the required statutory period for exclusive action by the tenants having expired, the Administrator brings this action claiming overcharges in the amount of $260 and treble damages amounting to $780.

■ To this complaint, the defendant has filed his answer admitting all of the essential facts alleged in the complaint except the existence of the law, which the Court judicially notices, and the fact that the defendant has failed and refused to make the required refund. In addition, the answer interposes certain claimed legal defenses which are questions of law only.

The answer was filed March 21, 1946, and on December 14, 1946, the plaintiff, under the provisions of Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requested the defendant to make admissions of fact, or more specifically, to admit that he had not refunded the alleged overcharges. The defendant took no cognizance of the request, and on January 14, 1947, the plaintiff filed his motion for summary judgment which is now before the Court for determination.

Two principal questions are presented: (1) have the facts essential to recovery been established, and (2) are the defendant's legal defenses, or any of them, sufficient in law?

■ As to the first question, the answer of the defendant admits all the essential facts except the failure to make refund. This the defendant was called upon to admit by the request for admissions, which was limited to 15 days. There was neither objection nor response by the defendant. Rule 36 of the Federal Rules of Civil Procedure provides: " * * * Each of the matters of which admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters."

It follows, therefore, that the case is now before the Court with all factual allegations of the complaint admitted.

■ Nothing remains for consideration except the sufficiency of the defendant's defenses in law. The first of these is that the order fixing the maximum rental was invalid in that it operated as an ex post facto law, and that said order was "unreasonable, unlawful, arbitrary and void," and a violation of the constitutional rights of the defendant.

The order to which the defendant objects is based upon the Rent Regulations which

provide in so far as applicable to this case, that within 30 days after so renting, the landlord shall register the accommodations as prescribed. It is further provided that if the landlord fails to file a proper registration statement within the time specified (except where a registration statement was filed prior to October 1, 1943) the rent received for any rental period commencing on or after the date of the first renting or October 1, 1943, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under Section 5(c) (1). It is required that such amount be refunded to the tenant within 30 days after the date of issuance of the order.

It is clearly apparent that a retroactive refund order is authorized by the regulations in cases where there is a failure to register as required. By specific provisions of the statutes (Secs. 923, 924, Title 50 U. S.C.A. War Appendix,) this Court is without jurisdiction to consider the validity of the Administrator's Regulations. Since it appears that the order in question is authorized by the regulations and that any attack upon the order must of necessity involve consideration of the validity of the regulations, it follows that this defense cannot be effectively raised in this Court.

■ For his second defense, the defendant avers that one of the tenants in question damaged, destroyed or removed personal property amounting to $51.10 and that said tenant permitted other persons to also occupy said premises resulting in damage amounting to $150 and that by reason thereof, there was no refund due said tenant. It may be possible that such defensive matters might be effectively urged in an action by the tenant, but this suit is not one brought by the tenant, it is brought by the Government through the Office of Price Administration and in such actions claims for damage against the tenant and other claims of the same nature, may not be interposed.

■ Defendant's third defense is the statute of limitations, which in this case is one year from the date of the occurrence of the violation (Sec. 925(e), Title 50 U.S.C.A. War Appendix). The order reducing rent was issued January 22, 1945, effective January 1, 1944, and this suit was filed February 1, 1946. The overcharges alleged occurred between April 1, 1944 and July 1, 1944; and between August 1, 1944 and January 1, 1945. It has been held by this Court that in cases such as this, the one year period begins to run on the thirty-first day after the issuance of the refund order. Porter v. Butts, D.C., 68 F.Supp. 516, Judge Nevin; Fleming v. Pond, Civil 1788, decided by Judge Underwood.[1] The same question has been determined in the same manner by other courts. Porter v. Sandberg, D.C., 69 F.Supp. 29.

■ It is therefore the conclusion of this Court that the facts involved in this action are admitted and that the alleged legal defenses of the defendant are without merit. It follows therefore that judgment should be entered in favor of the plaintiff and against the defendant and to this extent, the motion of the plaintiff for summary judgment will be sustained. Under the law, the amount of recovery between single damages and treble damages is left within the discretion of the Court, there being no satisfactory evidence upon which an informed judicial discretion can operate, the Court leaves the amount of damages to be awarded to future determination upon such evidence as may be produced on this particular issue.

Entry accordingly.

---

[1] No opinion for publication.