**CREEDON, Housing Expediter, v. EVANGELISTA et al.**

Civil Action No. 7329.

District Court, E. D. Pennsylvania.

May 6, 1948.

Conrad Moffett, of Philadelphia, Pa., for plaintiff.

J. Josiah Ratner, of Philadelphia, Pa., for defendant Mary Evangelista.

A. Allan Goodman, of Philadelphia, Pa., for defendant John DiJoseph.

McGRANERY, District Judge.

This is a suit brought by the Housing Expediter, seeking triple damages for rent overcharges over a period of one year and restitution for overcharges prior to that date. The complaint alleges that the maximum legal rent for the second floor apartment, 1613 S. 8th Street, Philadelphia, was $15 per month and that from August 19, 1943, to October 18, 1946, defendant Mary Evangelista, owner of the premises, and John DiJoseph, as her agent, collected $35 per month. The Housing Expediter brings this action against both persons and has moved for summary judgment. .

Mary Evangelista's answer alleges that the overcharges, if any, were not wilful and that she had been led to believe that the apartment had been properly registered at $35 per month. She further alleges that the government is precluded from obtaining restitution because of laches, that she has made repairs to the premises, that the tenant willingly paid the money, that it is inequitable after the termination of the tenancy for this suit to be pressed, and that the tenant is a necessary party to the suit. The first two objections, of course, are relevant to the issue of proper damages and would not bar summary judgment on the issue of liability. Nor do the remaining objections preclude such an order as a matter of law. Regardless of whether laches can be said to run against the government in this type of action, it is not applicable in the absence of a showing of prejudice to the defendant as a result of the delay. No such allegation is made, other than the statement that "it is highly inequitable after the termination of a tenancy in excess of three years for the plaintiff to seek the damages claimed." I do not think that this is sufficient to show a genuine issue as to a material fact, or that it bars a summary judgment as a matter of law. Similarly, defendant's assertion that she had made repairs and improvements to the premises is irrelevant to the issue of liability. Only an allegation that she had taken the proper administrative steps to obtain an increase in rent for major capital improvements and had succeeded would present a material issue on the question of liability in this action. In addition, the willingness of the tenant to pay is obviously no defense to an action designed to protect those in an inferior bargaining position. Similarly, the

tenant's failure to institute action himself would not bar this suit, nor does his absence require, as requested, dismissal of the complaint. Moreover, it should be pointed out that Mary Evangelista's answer makes no mention of a counterclaim against the tenant.

Defendant John DiJoseph's answer also contains a great many objections, none of which are a legal defense to the motion for summary judgment. Thus, he alleges that he did not keep any of the rent over and above commissions, that major capital improvements were made, that a Registration for $35 was sent in to the plaintiff which was mislaid, and that the maximum legal rent for the apartment was $35. He further asserts that no Order has been made by the Area Rent Director ordering a refund to the tenant, that there is a legal counterclaim against the tenant for failure to make repairs required by the lease, that the tenant is an indispensable party to this action, and that there is no need for injunctive relief since the premises have not been offered for rent since October, 1946.

 I feel that it is sufficient, in dealing with most of this welter of objections, to point out that DiJoseph falls into the definition of a landlord under the Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., that an Order of the Rent Director is not a necessary prerequisite to a suit for restitution or treble damages, and that the present use of the premises is irrelevant to the issue of restitution. Cf. Creedon v. Randolph, 5 Cir., 165 F.2d 918. The defense of major capital improvements has been disposed of above. It is admitted that the rent on the freeze date was $15 per month. Something more than a mislaid Registration for an increased amount is necessary to legalize a rent of that amount, and raise an issue as to the existence of defendant's liability. The defense that the tenant should be joined is of more substance, but I feel that it goes to a separable issue, which can be tried separately. It is difficult to see how a real estate agent can assert a counterclaim for injuries to property he does not own, in the absence of some special agreement by him with the landlord. However, it may be that the counterclaim is properly DiJoseph's. In any event, since the action is equitable in nature, a hearing will be held before me on June 1, 1948, at 3:00 P.M. to see if a counterclaim exists and, if so, its extent, to be balanced off against any judgment of restitution to the tenant. At that hearing, the tenant will be a party plaintiff to the Housing Expediter's action for restitution. Cf. Creedon v. Polis, D.C., 7 F.R.D. 652. On the issue of treble damages, both defendants will have an opportunity, at the same time, to prove that their violations were neither wilful nor the result of failure to take practicable precautions. Other than as to these, I find no genuine issue as to a material fact in this action. Accordingly, therefore, summary judgment for plaintiff against both defendants will be entered in accordance with this opinion, except as to the amount of damages and restitution.