## McCORMACK v. KOVACEVICH.
### No. 9561.

United States Court of Appeals
Seventh Circuit.
Nov. 16, 1948.

charges in excess of the maximum fixed by the Office of Price Administration, for an injunction to restrain the defendant from evicting the plaintiff, and for attorneys' fees. The case was tried by the court without a jury, and it made its findings of fact and stated its conclusions of law thereon. From a judgment for treble damages, an injunction, and attorneys' fees, the defendant has appealed. So much of the judgment as granted an injunction against the defendant has been abandoned by the parties here, and no consideration has been given that part of the judgment.

On August 8, 1945, the plaintiff became the tenant of the defendant, occupying the second floor apartment in the building located at 1245 South Troy in the city of Chicago. That apartment had been listed theretofore by the defendant as rented on March 1, 1942, for $35 a month to a Mrs. Rose Burger. The defendant himself occupied the premises from February 15, 1944, to August 8, 1945.

When the plaintiff moved in on August 8, 1945, the defendant fixed the rental to the plaintiff at $47.50 a month, and on the same date, the defendant gave notice to the O. P. A. of the change in tenancy and the new rent he proposed to charge, based upon improvements he alleged he had made in the apartment and upon services he proposed to furnish. On October 30, 1945, he filed his petition with the O. P. A. to increase the rent from $35 a month to $47.50. The plaintiff was given notice of this petition and after a hearing, the rent director on December 19, 1945, entered an order on a form which recited that the petition was denied but which had a notation typed at the bottom thereof "$41.50 per month—With decorating, ice box and cooking stove."

We think that on this wholly unsatisfactory record, it appears that the rent director intended to fix the rent at $41.50 a month, and to deny the petition for $47.50. The rent director is not required to keep records with the same formality as a court of record. All that is required is that his decision may reasonably be ascertained from the papers upon which he acted.

A copy of this order was sent to the plaintiff, and from January 1946 to July 1947 she paid the defendant $45 a month, which

Edward J. Callahan, of Chicago, Ill., for appellant.

Robert B. Johnstone, of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and BRIGGLE, District Judge.

MINTON, Circuit Judge.

The plaintiff sued the defendant for the recovery of treble damages for rental

was the $41.50 fixed by the rent director, plus a charge the defendant claimed for the service of permitting the plaintiff to operate her washing machine in the defendant's basement, using the defendant's electricity therefor, and also to use his stationary tubs. From July 1947 to the time of the trial, the plaintiff, having been excluded from the use of the basement, paid the defendant $41.50 a month.

The trial court concluded that an overcharge was made and computed the amount of the overcharge on the basis of its finding that the rent was at all times $35 a month. To reach this finding, the court made another finding that the defendant never did any decorating as required by the order fixing the rent at $41.50 a month. The court evidently reasoned that the defendant's failure to conform to the terms of the order which adjusted the rent upward rendered the adjustment a nullity. We think this was error. The order did not provide that it should go into effect only upon the conditions precedent that the decorating be done and the other services furnished. These services formed a part of the consideration for the increase in rent from $35 to $41.50 a month. If the defendant did not furnish the decorating, the District Court had no jurisdiction in this suit to set the order aside and restore the old rent of $35. Taylor v. Bowles, 9 Cir., 147 F.2d 824; Bowles v. Gotterdam, D.C., 72 F.Supp. 1022. An administrative remedy was available to the plaintiff whereby her complaint could have been made to, heard, and determined by the rent director. Rent Regulations for Housing, Sections 2, 4(a), 5(b), 5(c). Through the administrative route the tenant might have obtained the services required by the order, or a reduction of the rent and a refund measured by the difference between the original maximum and the rent as adjusted for the decrease in services. See Alexander v. McIsaac, Superior Court, Providence Plantations, Rhode Island, 2 P.C.Par. 51,887 (C.C.H.); A. and M. Hardware Co. v. Atkins, Municipal Court of Syracuse, 1 Opinions and Decisions 1906; Fisher v. Benjamin, Municipal Court, City of New York, 2 Opinions and Decisions—Pike and Fischer, 5035. Rent controls will be more expeditiously administered if adjustments in rent based upon determination of factual questions in respect to services are made in administrative offices rather than in courts.

After the rent was established by the rent director at $41.50, the defendant had a right to contract with the plaintiff to pay an additional sum for facilities not included in the rental contract theretofore made, Bowles v. Simon, 7 Cir., 145 F.2d 334, but he had no right to charge therefor without the assent of the O. P. A. if the facilities were so integrated with the premises occupied as to constitute merely a service to those premises. Thierry v. Gilbert, 1 Cir., 147 F.2d 603. The District Court made no finding on this point. In the absence of such a finding, we cannot say that the defendant was not justified in charging the additional $3.50 a month for the facilities in question.

The finding of the District Court that the rental was at all material times $35 a month was clearly erroneous. The judgment of the District Court is reversed and the cause remanded, with directions to proceed in accordance with this opinion.