**WOODS et al. v. POLIS.**

**Civ. A. No. 7491.**

United States District Court
E. D. Pennsylvania.

June 16, 1949.

See, also, D.C., 7 F.R.D. 652.

Albert C. Osofsky, Litigation Attorney, Upper Darby, Pa., of counsel, for plaintiff Tighe E. Woods, Housing Expediter.

A. Allan Goodman, Philadelphia, Pa., for plaintiffs Samuel and Mary Neznamoff.

Charles Polis, Philadelphia, Pa. for defendant Philip S. Polis.

FOLLMER, District Judge.

This action was originally instituted by the Housing Expediter against Philip S. Polis under the provisions of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., seeking:

(a) Judgment for treble damages in the sum of $405.00 with costs of suit.

(b) Refund to the tenant of all overcharges.

(c) Injunctive Relief.

The matters now for consideration are:

(a) Plaintiff's motion for summary judgment.

(b) Defendant's motion for summary judgment against the tenants, Samuel Neznamoff and Mary Neznamoff, who were made additional parties plaintiff on motion of the defendant.

(c) Defendant's motion to join Samuel Neznamoff and Mary Neznamoff as added defendants.

Defendant, evidently referring to an affidavit with copy of the rent registration attached, which accompanied the motion for summary judgment, cited in his brief a Pennsylvania County Court decision [1] and contended that under Pennsylvania law "such a suit being in its nature ex delicto, absolves the defendant of the necessity of filing an Answer, * * *." This is an action by a representative of the

---

[1] Porter v. Arnold, Pa., 63 Pa.Dist. & Co. R., 109, 116.

Federal Government for the enforcement of a Federal statute and the State law does not apply. As to the necessity of an answer, the Federal Rules of Civil Procedure, 28 U.S.C.A., are controlling.[2]

The material facts are established and undisputed in the pleadings. The registration statement provided for a maximum rent of $50.00 per month, which was in accord with the rent actually paid on the maximum rent date. The defendant as landlord and Samuel Neznamoff and Mary Neznamoff as tenants subsequently, without any notice to the Office of the Housing Expediter and without permission or any compliance with the regulations, entered into a new lease providing a rental of $65.-00 per month. Defendant's defense and counterclaim is that in addition to the $50.00 monthly as rent the lessees were required to pay certain items of expense, including, inter alia, all interior and exterior repairs. Lessees have filed an answer to the counterclaim, admitting all the allegations. The lessees did not lose by the increase in rent since they made arrangements for increases in the total rent received from subtenants. It is contended that the new lease relieves the lessees of certain obligations such as that of making repairs. But even assuming that the defendant did, in entering into the new lease, agree to supply what might be termed additional services, it does not justify his charging more than the maximum rent without having taken and succeeded in the proper administrative steps to obtain an increase in rent. The action taken in increasing the rent was intentional, knowing, voluntary, and deliberate and consequently "wilful." [3] This is clearly shown by the agreement entered into whereby the lessees "undertook and agreed to be both primarily liable and to save the defendant harmless from any damages that the defendant might be called upon to pay to the United States because of the aforesaid change in the rent of the subject premises."

To permit such an agreement would, however, circumvent the fundamental and basic purposes of the statute. A landlord could deliberately and intentionally violate the statute and protect himself from damages for such violation. The essential protective purpose of the statute would be circumvented. There is a public interest involved [4] which in my opinion renders such an agreement unenforceable and against public policy.

The United States is therefore entitled to summary judgment on its prayers (a) and (c) for treble damages in the sum of $405.00 and costs, and for injunctive relief. The lessees' actions here are not such as call for any equitable relief by way of restitution [5] and they have specifically disclaimed any desire for same. Prayer (b) of the complaint is therefore denied. Under this disposition of prayer (b) of the complaint, which is the only one as to which the added plaintiffs, Samuel Neznamoff and Mary Neznamoff, would be involved, there is nothing to which the counterclaim can attach. The counterclaim cannot be considered against the Housing Expediter.[6]

Defendant's motion for summary judgment against the added plaintiffs, Samuel Neznamoff and Mary Neznamoff, and defendant's motion to join Samuel Neznamoff and Mary Neznamoff as added defendants must be denied.

Let decree be submitted according to this opinion.

[2] Kessler v. Fleming, 9 Cir., 163 F.2d 464; Wyman v. United States, 9 Cir., 165 F.2d 915; Porter v. Elliott, D.C.E. D.Pa., 69 F.Supp. 652, affirmed 3 Cir., 163 F.2d 215.

[3] Zimberg v. United States, 1 Cir., 142 F.2d 132; Bowles v. Krasno Bros. Glove & Mitten Co., D.C.E.D.Wis., 59 F.Supp. 581; Bowles v. Batson, D.C.W.D.S.C., 61 F.Supp. 839.

[4] Porter v. Warner Holding Co., 328 U.S. 395, 398, 66 S.Ct. 1086, 90 L.Ed. 1332.

[5] Porter v. Warner Holding Co., supra.

[6] Creedon v. Evangelista, D.C.E.D.Pa., 77 F.Supp. 538; Bowles v. Gotterdam, D.C.S.D.Ohio, 72 F.Supp. 1022.