### WOODS v. KIMMEY.

Civ. No. 7339.

United States District Court
W. D. Pennsylvania.

Jan. 31, 1950.

· Harold L. Wertheimer, Litigation Attorney, Office of the Housing Expediter, Philadelphia, Pa., for plaintiff.

Kenneth W. Rice, Meadville, Pa., for defendant.

GOURLEY, District Judge.

Tighe E. Woods, Housing Expediter, has brought suit for injunctive relief and as an adjunct thereof, for an order directing restitution of the overcharges made by the defendant to the tenants.

The action was instituted under Section 206(a) and 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. Said Act expressly authorizes a suit by the United States, through the Housing Expediter, to obtain an order enjoining practices in violation of the Act or other order appropriate to the case.

The competency of a Federal District Court to entertain such a suit must be looked for elsewhere. Fields v. Washington, 3 Cir., 173 F.2d 701.

An expressed grant of jurisdiction is to be found in Title 28 U.S.C.A. § 1345, which provides: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or any other agency or officer thereof, expressly authorized to sue by Act of Congress."

A suit by the Housing Expediter for injunctive relief and restitution is one to enforce the laws of the United States in the public interest by restoring the status quo and is not a suit to award damages to the tenant. It involves an order of the type authorized by Section 206(b) of the Housing and Rent Act of 1947. The mere fact that it operates to confer a benefit on the tenant does not detract from its enforcement, effect or alter its nature. Woods v. Bomboy, 3 Cir., 1950, 179 F.2d 565.

Accordingly this action may be brought under 28 U.S.C.A. § 1345 without regard to the amount involved.

The various improvements, painting and repairs were made by the defendant at a time when the dwelling unit was unoccupied. Said changes and repairs were made on the basis of the defendant's own decision since she was interested in selling the premises. When the repairs were completed it was deemed advisable to again rent the premises since it was believed it would prove of practical advantage in securing prospective purchasers.

The Expediter contends that since the services to the property were rendered prior to the time of renting to this tenant and before there was any landlord-tenant

relationship established, the defendant under no circumstances should be permitted to saddle the costs of such work upon the tenants who rented the apartment subsequent thereto.

The defendant admits that she received $30 a month from the tenant during the period September, 1947 to May, 1948, but she contends that $15 a month represented reimbursement to her of monies expended by her for labor in connection with painting and decorating, interior and exterior repairs, which expenditures had been incurred prior to the renting of the premises to this tenant.

### Question

· Did the monies received by the landlord each month over and above the sum of $15 constitute an overcharge under the Housing and Rent Act of 1947 and the Controlled Housing Rent Regulation?

According to the registration $15 a month was the maximum legal rent in effect under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

The landlord was obligated to do the painting and decorating and to make repairs, in connection with her renting of the apartment for the $15 a month maximum legal rent, only to the extent of furnishing the materials therefor, and the work or labor was to be done by the tenant.

We are confronted with a case where the landlord has gone ahead and provided not only the materials but also the labor for certain painting, repairs, etc., which she caused to be performed in and about these premises although, as far as the Housing and Rent Act and Regulations were concerned, she was not obligated to furnish the labor.

Although the tenant and the landlord are in absolute disagreement as to what the understanding was when the premises was rented, it appears to me that the most reasonable evaluation of the facts is that the defendant intended that the rental of $30 per month was for the premises alone.

This conclusion is reached for the reason that the receipts given by either the defendant or her representatives make no reference to $15 of the monthly payment being for rent and $15 reimbursement for the repairs which were made. The defendant further admits that the tenant was never informed as to the amount for which reimbursement was to be made on the basis of $15 per month, and a written lease was not given to the tenant.

Where the registration of premises provides that the landlord shall make available the materials for painting, decorating, interior repairs and exterior repairs of a dwelling, and the tenant to furnish the labor relative thereto, the tenant should have a voice and be consulted in determining the extent of the repairs, interior or exterior, and painting or decorating. 222 East Chestnut Street Corp. v. Murphy, 325 Ill.App. 392, 60 N.E.2d 450.

If this rule of law were not applied, it would mean that the landlord could shoulder the tenant with many items of expense which would improve the premises generally and which the tenant might not desire or be able financially to bear. In short, the landlord could be benefited in many respects at the cost and expense of the tenant, which would be grossly unfair, inequitable and unjust.

A landlord has the right to contract with a tenant to pay an additional sum for facilities not furnished at the tenant's request. However, no right exists to charge for the same without the assent of the Housing Expediter through the Area Rent Director where the facilities were so integrated with the premises occupied as to constitute merely a service to those premises. McCormack v. Kovacevich, 7 Cir., 170 F.2d 588; Thierry v. Gilbert, 1 Cir., 147 F.2d 603.

The making of repairs or improvements to premises by the landlord, or the willingness of the tenant to pay, is no defense to an action by the Expediter against the landlord. Creedon v. Evangelista et al., D.C., 77 F.Supp. 538.

The courts have been most vigilant in enforcing the requirement of the Regulation that a landlord obtain prior approval for an increase in the maximum rent based on increased services. Woods v. Dodge,

1 Cir., 170 F.2d 761; Creedon v. Olinger, 5 Cir., 170 F.2d 895; Creedon v. Evangelista, supra.

█ The rental which the defendant received from the tenant over and above the sum of $15 a month was received by her in violation of the Housing and Rent Act of 1947 and the Controlled Housing Rent Regulation, and constituted an overcharge under the said Act and Regulation, and she should be required to make restitution thereof to the tenant.

Findings of Fact and Conclusions of Law are hereby entered together with an appropriate Order.

## Findings of Fact

1. That Tighe E. Woods is the duly appointed Housing Expediter of the Office of The Housing Expediter and has a right to maintain this action as plaintiff under the Housing and Rent Act of 1947, as amended.

2. That at all times mentioned herein there was in full force and effect the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulation, 12 F.R. 4331, as amended, issued thereunder.

3. That at all times mentioned herein the defendant was the landlord of a housing accommodation within the Meadville-Titusville Defense Rental Area, now part of the Erie Defense Rental Area, designated as Second Floor Apartment, 798 Water Street, Meadville, Pennsylvania, which was one of two apartments at the Water Street address.

4. That on or about August 31, 1945, the defendant filed with the Area Rent Office of the Office of The Housing Expediter a registration of the aforementioned premises.

5. That the said registration indicated that the aforesaid dwelling unit had been "made available by a change which resulted in an increase or decrease in the number of dwelling units after 'Maximum Rent Date'" of March 1, 1942.

6. That the said registration indicated that the apartment was first rented after such change on September 1, 1945, at a rental of $15 per month.

7. That the said registration indicated that the services included in the rent on September 1, 1945 were the services of painting and decorating, interior repairs and exterior repairs. In connection therewith, there was a notation on said registration to the effect that the tenant "does work" and the landlord "furnishes material".

8. That during the period hereinafter mentioned the maximum legal rent for the apartment above designated was the rent received on September 1, 1945, which said rent was $15 per month.

9. That after the aforementioned tenant vacated the said premises, the defendant hired certain men to do work in and about her house located at 798 Water Street in Meadville, which work consisted of painting, varnishing, replacing window shades, repairing a porch, etc.

10. That for the said work defendant expended the sum of approximately $150 for labor.

11. That the defendant, after the said work had been contracted for and practically completed, rented the aforementioned apartment to David Shellito who went into possession on or about September 1, 1947.

12. That the defendant charged the said David Shellito the sum of $30 per month and she did receive the sum of $30 per month from David Shellito for the months of September, 1947 to May, 1948, inclusive.

13. That on or about May 15, 1948, the defendant sold the premises and paid over to the purchaser the sum of $15 representing one-half of the money which she had received from Mr. Shellito for the month of May, 1948.

14. Upon her receiving the first few monthly payments from Mr. Shellito, the defendant gave him receipts for said payments upon which receipts the word "rent" was marked.

15. For the succeeding months Mr. Shellito deposited the sum of $30 in the defendant's bank account pursuant to her instructions, due to the fact that she was out of the State.

16. That the aforementioned payments made by Mr. Shellito to the defendant dur-

ing the period aforementioned constituted an overcharge of $15 per month over and above the maximum legal rent which the defendant was entitled to receive during the aforementioned period.

17. The total overcharges received by the defendant during the period from September, 1947 to May, 1948, amounted to $135.

18. That the aforesaid overcharges were received by the defendant in violation of the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulation, as amended, issued thereunder.

### Conclusions of Law

1. That this Court has jurisdiction of the subject matter of this action and over the parties hereto.

2. That during the period from on or about September 1, 1947 to May 15, 1948, or thereabouts, the defendant violated the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulation issued thereunder by demanding, accepting, and receiving rent from David Shellito for the housing accommodation designated as Second Floor Apartment, 798 Water Street, Meadville, Pennsylvania, in excess of the maximum legal rent permitted by the said Act and Regulation.

3. That an order requiring full restitution of the overcharges to the tenant is authorized by Section 206(e) of the Housing and Rent Act of 1947, as amended.

4. That the plaintiff is entitled to judgment as follows:

(a) An order requiring the defendant to make restitution to the tenant, David Shellito, in the sum of $135.00.

(b) That the defendant be enjoined from soliciting, demanding, accepting or receiving rents in excess of the maximum legal rents permitted by the Housing and Rent Act of 1947, as amended, and the Regulations issued thereunder and from directly or indirectly violating the said Act and Regulations as heretofore or hereafter amended.

(c) That the costs of this action shall be paid by the defendant.

### Order

And Now, this *31st* day of January, 1950, it is ordered and decreed that judgment is entered against the defendant, Susie M. Kimmey, as follows:

(a) The defendant is ordered and directed to make restitution to the tenant, David Shellito, in the sum of $135.

(b) The defendant is enjoined from soliciting, demanding, accepting or receiving rents in excess of the maximum legal rents permitted by the Housing and Rent Act of 1947, as amended, and the Regulations issued thereunder and from directly or indirectly violating the said Act and Regulations as heretofore or hereafter amended.

(c) The costs of this action shall be paid by the defendant.