## UNITED STATES v. RICHARDS.
### Civ. No. 4053.

United States District Court
M. D. Pennsylvania.
Jan. 24, 1952.

Conrad G. Moffett, Office of Rent Stabilization, Philadelphia, Pa., for plaintiff.

A. C. F. Kenowski, Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action by the United States Government under Sections 205 and 206 of the Housing and Rent Act of 1947, as amended,[1] to recover damages for failure on the part of the defendant to refund rent received in excess of the maximum rent fixed in accordance with the provisions of the Act. The Government seeks to recover treble damages, or double damages if restitution be granted to the tenant, together with injunctive relief.

On the basis of the pleadings and testimony, the Court makes the following special

### Findings of Fact.

1. At all times material hereto, the defendant, Alice C. Richards, was the landlord of controlled housing accommodations within the Defense Rental Area of Scranton, Pennsylvania, designated as First Floor Apartment, 502 E. Market Street, Scranton, Pennsylvania.

2. There was in effect at all times material hereto and there is still in effect the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulation issued pursuant thereto, which said Act and Regulation established maximum legal rents for housing accommodations within the Defense Rental Area of Scranton, Pennsylvania.

3. On September 20, 1950, the Rent Director for the Scranton Defense Rental Area, pursuant to Section 5(c) (1) of the aforesaid Regulation, issued an Order, effective July 20, 1950, decreasing the maximum rent of the aforesaid accommodations from $75 per month to $55 per month, because of defendant's failure to supply hot water to the tenant.

1. 50 U.S.C.A.Appendix, §§ 1895 and 1896.

4. Under the terms of said Order, the defendant was required to refund to the tenant, within 30 days from the date of issuance, all rent collected from the effective date thereof in excess of the maximum rent established by said Order.

5. The defendant was duly notified of the issuance of the aforesaid Order.

6. The defendant collected rent for the use and occupancy of the aforesaid housing accommodations from the tenant, Frederick A. Cassidy, in the sum of $75 per month from July 20, 1950, to October 15, 1950.

7. The defendant failed and refused to refund within 30 days after the issuance of said Order the sum of $57.74, which is the amount by which the rent collected by the defendant, as set forth in Paragraph 6, exceeded the rent fixed in the aforesaid Order.

8. The tenant, under the terms of the lease was required to tend to the operation of the stoker on the premises.

9. The tenant was negligent in tending to the operation of the stoker, which negligent acts caused damages to the defendant in the amount of $126.23.

10. The overcharges were received by the defendant within one year from the date of the commencement of this action.

11. The defendant has failed to establish that the violations in connection with the tenancy of Frederick A. Cassidy were not willful or not the result of failure to take practicable precautions against the occurrence of such violation.

### Discussion.

Defendant admits the fact that she refusesd to comply with the Order of the Rent Director to refund the overcharge to the tenant, but seeks to raise an affirmative defense, in the nature of a counterclaim, to the effect that the tenant, under the terms of the lease, was obliged to tend the automatic stoker, and as a result of his negligent maintenance thereof, the defendant suffered damages in the amount of $126.23.

Even if the tenant did not properly tend to the stoker and thus imposed expenses of repair upon the defendant, that does not justify her refusal to comply with the order of the Rent Director decreasing the rent without having taken and succeeded in the proper administrative steps to set aside the order. Defendant's refusal to refund the overcharge was intentional, knowing, voluntary, and deliberate and consequently "willful" under the terms of the Act. Woods v. Polis, D.C.E.D.Pa.1949, 84 F. Supp. 385.

Furthermore, it is well settled that a counterclaim in an action of this type cannot be asserted against the United States Government. Porter v. Charles R. Krimm Lumber Co., D.C.M.D.Pa.1946, 65 F.Supp. 17; Woods v. Polis, supra. At the very most it may avoid or limit the claim for restitution to the tenant. Bowles v. Gotterdam, D.C.S.D.Ohio E.D.1947, 72 F.Supp. 1022.

Defendant's refusal to make the refund constituted a violation of the Act and such violation was willful. The question, therefore, is the amount of damages to be awarded. Plaintiff contends that when a willful violation of the Act has been shown the Court has no discretion in fixing the amount of damages, but must award treble damages.

Under the Emergency Price Control Act of 1942, as amended,[2] recovery was allowed for an amount "not more than three times the amount of the overcharge * * * as the court in its discretion may determine". Under that provision the courts held that the allowance of treble damages was discretionary with the courts. Bowles v. Heinel Motors, Inc., D.C.E.D.Pa.1945, 59 F. Supp. 759, 762, affirmed 3 Cir., 149 F.2d 815, certiorari denied, 326 U.S. 760, 66 S.Ct. 141, 90 L.Ed. 457; Bowles v. Gotterdam, supra.

With the passage of the Housing and Rent Act of 1947, which superseded the Emergency Price Control Act of 1942 as to matters of rent control, the words "not more than" and "as the court in its discretion may determine" were omitted.[3] As a

---

2. 50 U.S.C.Appendix, § 925 (Old).

3. "Sec. 205. Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts,

result, courts have held that if a willful violation of the Act is present, the court is compelled to award treble damages, or $50, whichever sum is the greater. United States v. Ziomek, 8 Cir., 1951, 191 F.2d 818; Small v. Schultz, 7 Cir., 1949, 173 F.2d 940.

■ On July 31, 1951, Congress amended Section 205 of the Housing and Rent Act of 1947,[4] and once again included the words "not more than" and "as the court in its discretion may determine",[5] thus clearly evincing an intent to give the courts discretionary power in determining the amount of damages to be awarded, although in no event to be less than $50.

The question is whether or not the 1951 amendment to the Act of 1947 is controlling in this action which was filed prior to the effective date of the amendment.

■■ The general rule is that statutes ordinarily will be presumed to have only a prospective and not a retroactive operation unless a contrary legislative intention is apparent. However, it is the opinion of this Court that it was the intent of Congress to cause the 1951 amendment to have retroactive effect. This is supported by the circumstances and the legislative history under which the amendment was enacted. By re-inserting the pertinent words "not more than" and "as the court in its discretion may determine", Congress must have done so with the very purpose of negating the effect of the court decisions which construed the Housing and Rent Act

of 1947 to require the courts to award treble damages when a willful violation of the Act was shown. A somewhat similar question arose as to the 1949 amendment to the Housing and Rent Act of 1947,[6] which allowed the United States to institute the action if the tenant failed to do so within 30 days after the violation. The amendment was held to be retroactive, and the United States was permitted to bring an action for violations which occurred prior to the effective date of the 1949 amendment. United States v. Gianoulis, 3 Cir., 1950, 183 F.2d 378.

■ Under the facts and circumstances in this case, an award in excess of $57.74 would be unfair and unjust to the defendant. This Court, therefore, finds that the United States is entitled to judgment for damages in the amount of the overcharge, viz. $57.74, costs and injunctive relief. The tenant's actions here are not such as call for any equitable relief by way of restitution.

### Conclusions of Law.

1. This Court has jurisdiction of the parties and of the subject matter of this action.

2. The defendant has violated the Housing and Rent Act of 1947, as amended, and the Controlled Housing and Rent Regulation issued pursuant thereto, by refusing to refund rent received in excess of the maximum rent fixed by order of the Rent Director.

or receives such payment (or shall be liable to the United States as hereinafter provided), for reasonable attorney's fees and cost as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount * * *."

4. c. 275, Title II, Section 204, 65 Stat. 147.

5. "Sec. 205(a). Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this Act, or any regulation, order, or require-

ment thereunder, shall be liable to the person from whom such payment is demanded, accepted, received, or retained (or shall be liable to the United States as hereinafter provided) for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amounts of (1) $50, or (2) *not more than* three times the amount by which the payment or payments demanded, accepted, received, or retained exceed the maximum rent which could lawfully be demanded, accepted, received, or retained, *as the court in its discretion may determine*, whichever in either case may be the greater amount * * *." (Italics supplied)

6. March 30, 1949, c. 42, Title II, Section 204, 63 Stat. 27.

3. Under the Housing and Rent Act of 1947, as amended by the Act of July 31, 1951, the Court may use its discretion in fixing the amount of damages even though the violation was willful.

4. Under the facts and circumstances present, the tenant is not entitled to restitution.

5. Defendant is liable to the United States in the following amounts:

a. The amount of the overcharge, viz. $57.74.

b. Costs of this action.

c. Injunctive relief.

An appropriate Order will be filed herewith.