KENNEY v. HOOD.
No. 11588.

Circuit Court of Appeals, Fifth Circuit.
Nov. 23, 1946.

---

Claude L. Gray, of Orlando, Fla., for appellant.

W. A. Pattishall, of Orlando, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit brought under Section 205(e) of the Emergency Price Control Act of 1942,[1] as amended, was for three times the amount claimed as an overcharge on the sale of a refrigerator.

The defense in general was a denial that defendant had sold the refrigerator as alleged by plaintiff. In detail it was that he had agreed to sell the equipment to plaintiff provided there was no ceiling price; that plaintiff, after ascertaining that there was a ceiling price, without advising defendant that there was, paid the agreed price and took the refrigerator for the purpose of obtaining treble damages and otherwise overreaching defendant.

The district judge, of the opinion that the matters alleged by defendant did not constitute a defense to plaintiff's right to recover the excess over the ceiling price, but only went to the recovery of treble damages, instructed the jury to find for plaintiff for the overcharge above the ceiling price, $219.50. He submitted to the jury on the issue of treble damages whether or not the overcharge was wilful, that is, was with knowledge that there was a ceiling price and an intent to exceed it. The jury found for plaintiff only for the actual overcharge. Appellant is here insisting that he should have had an instructed verdict or at least instructions submitting his defense that the sale, having been effected through plaintiff's fraud and under a mistake on defendant's part, was not in law a sale.

We cannot agree. What appellant is urging, that the sale was the result of fraud on plaintiff's part or of mutual mistake, might well have availed him if he had brought a timely action to rescind. It is completely unavailable as a defense to a suit under the section for an overcharge. This has been decided so many times in this and other circuits that one or two citations will suffice.[2]

The judgment is affirmed.

---

[1] 50 U.S.C.A.Appendix, Sec. 901 et seq.

[2] Bowles v. Hastings, 5 Cir., 146 F. 2d 94; Bowles v. Indianapolis, 7 Cir., 150 F.2d 597; Shearer v. Porter, 8 Cir., 155 F.2d 77.