**WEST v. WINSTON.**

**ELLIOTT v. WINSTON.**

**Civil Actions Nos. 8226, 8227.**

United States District Court
E. D. Pennsylvania.

Aug. 12, 1948.

William N. J. McGinniss, of Shoyer, Rosenberger, Highley, Spiegel & Cunniff, all of Philadelphia, Pa., for plaintiffs.

John M. Smith, Jr., of Welsh, Watson & Smith, all of Philadelphia, Pa., for defendant.

GANEY, District Judge.

These are actions brought pursuant to section 205 of the Housing and Rent Act[1] of 1947 to recover amounts paid in excess of the legal maximum rentals. Since the pleadings in both cases are practically identical, they are being considered together.

One of the plaintiffs rented the defendant's second floor apartment; the other rented the third. The maximum legal rent-

[1] Act of June 30, 1947, c. 163, Title II, 61 Stat. 199, 50 U.S.C.A.Appendix, § 1895.

als established for these apartments, situated in the Philadelphia Defense-Rental Area, were respectively Thirty-Five Dollars ($35) and Thirty Dollars ($30) a month. During March, 1947, and each of the following months up to and including January, 1948, the tenant of the third floor apartment paid the defendant Sixty Dollars ($60). For the same period, excluding the month of January, 1948, the defendant received Sixty-Five Dollars ($65) a month from the occupant of the second floor apartment. Upon the defendant's failure to make refund of the overpayments, the plaintiffs, on February 28, 1948, brought these actions.

In his answer to the complaint, under the heading "new matter," the defendant set up the following as defenses: (1) The maximum rentals were determined on the basis of unfurnished apartments in poor condition, whereas pursuant to the plaintiffs' request and prior to their occupancy, the apartments were furnished and renovated at great cost to him; (2) the maximum rentals, as established by the O.P.A., would not yield him a fair return on his property; and (3) plaintiffs agreed to pay the rentals in question.

■ Ostensibly under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S. C.A., the plaintiffs have moved to strike the "new matter." It is quite apparent what they desire to do by their motion is to test the legal sufficiency of the above asserted defenses. Since there appears to be no genuine issue as to any material fact stated in the complaint, and making that assumption for the facts alleged under "new matter," we shall treat the plaintiffs' motion to strike as a motion for summary judgment under Rule 56.

■ It is surprising at this late date that we should be confronted with the issues raised herein. The question of the lawfulness and the fairness of the maximum rents involved in this case may not be decided here. We are precluded from determining the validity of such individual rent orders.

Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624; Woods v. Hills, 334 U.S. 210, 68 S.Ct. 992; Bowles v. Meyers et al., 4 Cir., 149 F.2d 440. Even though the time for protesting the maximum rents fixed by the O. P. A. had expired, the defendant could have filed a petition with the appropriate authorities for an increase in the maximum rents. Lacking such permission, he may not increase them on his own accord without violating the Act. See Gilbert v. Thierry, D.C. Mass., 58 F.Supp. 235, affirmed 1 Cir., 147 F.2d 603; Creedon v. Evangelista et al., D.C.E.D.Pa., 77 F.Supp. 538.

■ The fact that a particular prescribed maximum rent prevents an owner of a housing accommodation from realizing a fair return or causes a depreciation in its value does not deprive him of his property without due process of law. Woods v. Cloyd W. Miller Co., 333 U.S. 138, 146, 68 S.Ct. 421. Also see Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Wilson v. Brown, Em.App., 137 F.2d 348; Bibb Mfg. Co. v. Bowles, Em.App., 140 F.2d 459, 464.

■ That the plaintiffs agreed to pay the rent in question will not save the defendant. Kenney v. Hood, 5 Cir., 158 F.2d 226. Such a defense, if valid, would completely nullify the purpose of the rent laws.

■ What has been said, of course, goes only to the asserted defenses to the claims for refund of overpayments. Before a defendant can be held liable for treble damages, he must be given an opportunity to prove "that 'the violation * * * was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation.' " Porter v. Maule et al., 5 Cir., 160 F.2d 1, 3; Bates et al. v. McClees, D.C.E.D.Pa., 76 F.Supp. 939.

Accordingly, each plaintiff may prepare an order for judgment and include therein the amounts paid by them in excess of the legal maximum rent plus Fifty Dollars ($50) to cover a reasonable attorney's fee and cost.