## WOODS v. TATE.

No. 12390.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1948.

William A. Moran, Sp. Lit. Atty. OHE, Ed Dupree, Gen. Counsel OHE, Hugo V. Prucha, Asst. Gen. Counsel OHE, and Isadore A. Honig, Sp. Lit. Atty. OHE, all of Washington, D. C., and H. C. Happ, Regn'l. Atty. OHE and J. Edwin Fleming, Lit. Atty. OHE, both of Dallas, Tex., for appellant.

Mary Tate, pro se.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This action is brought for injunctive relief, restitution and damages pursuant to Section 205(a) and (e) of the Emergency Price Control Act, as amended, for an alleged violation of the Rent Regulations for Housing, Title 50 U.S.C.A.Appendix, § 925(a) and (e); 10 F.R. 3436.

The complaint alleged that defendant, Mary Tate, was the owner of certain housing accommodations at Houston, Texas, within the Houston Defense-Rental Area, and that such accommodations were subject to the Rent Regulations for Housing; that defendant had violated and was continuing to violate the Act and Regulations by demanding and receiving rentals in excess of the maximum rent established by the Area Rent Director for the housing accommodations in question; that defendant should be restrained from further violations and ordered to remit to the tenant involved the amount of her overcharge; that defendant further be required to pay statutory damages to the United States in double the amount of her overcharge; or, in the event restitution to the tenant not be ordered, that defendant be required to pay treble damages to the United States for her violation.

Although defendant was duly served with summons, she filed no answer, and entered no appearance in the case. Plaintiff thereupon filed a motion for default judgment, and later, a request for admission of the material facts on which the action was based, under Rule 36, Federal Rules of Civil Procedure, Title 28 U.S.C.A. The defendant again failed to reply. After hearing all the evidence offered by plaintiff, the trial court found that defendant had rented the housing accommodations in question during the period alleged for $50.00 per month, and that the rent was paid to her by the tenant at that rate. This amount was admittedly $20.00 per month in excess of the maximum monthly rent on the accommodations in question, claimed to be established by an order of the Area Rent Director concerning the property. The court was of opinion, however, that there was "no dependable evidence as to the maximum rent of this property;" that the order establishing the maximum rent "purports to be signed by J. C. Watts, Acting Rent Director, but there is no proof of his signature nor that the document is authentic;" that the order was addressed to one Jack Ragusa, and that "Just what, if anything, Ragusa had to do with the property does not satisfactorily appear;" that the order "may or may not relate to the property in question;" and that the court was "compelled to find that Plaintiff has not established the maximum rent on the property during the period covered by the suit". The trial court accordingly entered judgment in favor of defendant, and this appeal resulted.

We are of opinion the trial court erred in holding that plaintiff had not established the maximum rent allowable on the accommodations owned by defendant, and in failing to accept the order establishing the maximum rent as valid and binding. Wynne v. United States, 217 U.S. 234, 237, 30 S.Ct. 447, 54 L.Ed. 748; Hagen v. Porter, 9 Cir., 156 F.2d 362, 365; Banco de Espana v. Federal Reserve Bank, 2 Cir., 114 F.2d 438, 446; Rule 44, Federal Rules of Civil Procedure, 28 U.S.C.A.; 28 U.S.C.A. § 695e [now § 1741].

It was shown that the order in question pertained solely to the housing accommodations belonging to defendant. It expressly stated that it was to remain in effect until changed by the Office of Price Administration. The fact that it was addressed to a prior owner of the property did not entitle defendant to ignore the issuance and existence of this order, or service in the instant proceeding. The rent regulations contemplate that a subsequent owner will be bound by a rent increase or reduction order issued to a previous owner of the same premises. 10 F.R. 3436. Moreover, when defendant came into ownership of this property, if she lacked knowledge as to the existence of any orders affecting the maximum rent allowable on the premises, it was incumbent upon her to consult with the proper OPA authorities for such information, in order that rent exacted from her tenant would not be at variance with the regulations. Not having done so, for aught the record reveals,

she was legally chargeable with knowledge of the order establishing her maximum rent. We conclude this order was presumably valid and genuine, particularly in the absence of any proof or testimony to the contrary. United States v. Chemical Foundation, Inc., 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131; Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, 571; Mississippi Road Supply Co. v. Walling, 5 Cir., 136 F.2d 391, 394.

The judgment is reversed and the cause remanded with direction to enter an appropriate order in favor of the Housing Expediter, under Section 205(a) and (e) of the Act, damages to be awarded within the discretion of the court.

Reversed and remanded with direction.