1016

**GREIDER v. WOODS, Housing Expediter.**

**BENNETT v. WOODS, Housing Expediter.**

Nos. 3861, 3862.

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1949.

Thomas A. Landrith, Jr., Tulsa, Okl. (Gladys E. Friel, Tulsa, Okl. was with him on the brief), for appellants.

Benjamin I. Shulman, Special Litigation Attorney, Washington, D. C. (Ed Dupree, General Counsel, and Hugo V. Prucha, Assistant General Counsel, Washington, D. C., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

These were companion cases instituted against G. E. Greider and Robert E. Bennett, under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq., and applicable rent regulations, for an injunction to restrain violations of the regulations and for restitution to certain tenants for excess rents charged and collected. The trial court found that overcharges had been made and entered a judgment directing appellants, defendants below, to make restitution of the overcharges, but refused to grant an injunction.

On appeal, it is urged (1) that the court lacked jurisdiction, and (2) that the findings of fact and conclusions of law of the court are, in part, erroneous.

Appellants take the position that to confer jurisdiction under the Housing and Rent Act of 1947, the amount involved must exceed the sum of $3,000. It is their position that the jurisdiction in Federal courts in an action to recover overcharges under the 1947 Act is materially different from such an action brought under the applicable provisions of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq.

Section 205 (a) of the Act of 1942, 50 U.S.C.A. Appendix, § 925 (a), provided that: "Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provisions of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

Section 205 (c) provides that: "The district courts shall have jurisdiction * * concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act."

It is appellants' contention that Section 205 (c) defines the jurisdiction of the District courts under the Emergency Price Control Act of 1942, and point to the fact that the Act of 1947, while it contains Section 206 (b), 50 U.S.C.A. Appendix § 1896 (b), which is substantially the same as Section 205 (a) of the Act of 1942, omits entirely Section 205 (c) of the Act of 1942 and contains no comparable provisions granting a general jurisdiction to Federal courts similar to that contained in Section 205 (c) of the Emergency Price Control Act of 1942. It is their position that we must look to Title 28 U.S.C.A. § 1331, to determine what is a competent jurisdiction under Section 206 (b), and that since it provides that the amount in controversy must be more than $3,000, and the amount involved herein is greatly less than that sum, the court was without jurisdiction.

Appellants rely for support of their position upon the late case of Fields v. Washington, 3 Cir., 173 F.2d 701, wherein it was held that a Federal court lacked jurisdiction of an action for treble damages for excess rent charges brought under the 1947 Act unless the amount involved exceeded $3,000.

In a later case, Adler v. Northern Hotel Company, 175 F.2d 619, the Seventh Circuit reached a contrary conclusion on facts indistinguishable from those in the Fields case, supra.

We do not deem it necessary to consider these two cases and choose between them because the facts therein distinguish them from this case. In both of these cases, the action was brought by individuals for treble damages, while here the action is brought by the Expediter. It is not necessary to determine whether the jurisdictional question in such a case is different from that in a case brought by the Expediter.

It is worthy of note that Section 205 (a) of the Act of 1942 did not designate the courts in which an action might be brought. It merely provided that the Administrator might make application to an appropriate court for an injunction, etc. It was, there-

fore, necessary in other subsections of the Act to define what were appropriate courts for such actions.

This was done in Section 205 (c).

Section 206 (b) of the Act of 1947 sets out the courts in which the Expediter might institute an action for an injunction, etc. [1] It provides that he may institute such an action in any Federal, State, or Territorial court of competent jurisdiction. It might well be argued that this provision was intended to correspond with Section 205 (c) of the Act of 1942, and that Congress did not deem it necessary to include such a provision in the 1947 Act. The decision need not, however, be rested upon this construction of Section 206 (b) of the 1947 Act.

The 1942 Act charged the Administrator with the responsibility of administering the Act, and the Act of 1947 gave the same authority and duties to the Expediter. In such actions, they act in their official capacities, as officers and agents of the United States, charged with the duty of effectuating its public policy with relation to the matters set out in the Act.

Title 28 U.S.C.A., § 1345, provides that: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

■ Since the office of the Expediter is an agency of the United States Government, and the Expediter is expressly authorized by the Act to institute actions and proceedings to enjoin violations of the Act, the District court acquired jurisdiction of such an action instituted by the Expediter.

In such an action the jurisdictional amount is not a prerequisite to the jurisdiction of the Federal Court. [2]

In Porter v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, the question was whether, in an action for injunction by the administrator, instituted under Section 205 (a) of the 1942 Act to enjoin violations of the Act, the court had jurisdiction to enter an order of restitution for the excess charges of rent. While the Supreme Court opinion does not reveal the amount of such overcharges involved in that case, an examination of the trial court's opinion, Bowles v. Warner Holding Co., D. C., 60 F.Supp. 513, shows that the amount in controversy was $807.75. The Supreme Court held that an action for restitution fell within the phrase "or other orders" contained in Section 205 (a) of the Act. The Supreme Court held that: Under the provision of § 205 (a) authorizing the District Court, upon a proper showing, to grant a permanent or temporary injunction, restraining order, or other order, an order for the recovery and restitution of illegal rents may be considered a proper "other order" either (1) as an equitable adjunct to an injunction decree, or (2) as an order appropriate and necessary to enforce compliance with the Act.

■ Since Section 206 (b) of the Act of 1947 contains the identical phrase construed by the Supreme Court in the above case, we think that case is decisive of the court's jurisdiction to order restitution.

The trial court found that appellant Greider, as the owner of the premises in question, entered into business lease contracts with the tenants involved, in good faith; that the lessees actually used the premises predominantly for residential

---

1. Section 206(b) of the Act of 1947, is as follows: "(b) Whenever in the judgment of the Housing Expediter any person has engaged or is about to engage in any act or practice which constitutes or will constitute a violation of any provision of this title, he may make application to any Federal, State, or Territorial court of competent jurisdiction, for an order enjoining such act or practice, or for an order enforcing compliance with such provision, and upon a showing by the Housing Expediter that such person has engaged or is about to engage in any such act or practice a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

2. United States v. Sayward, 160 U.S. 493, 16 S.Ct. 371, 40 L.Ed. 508; United States Fidelity & Guaranty Co. v. United States, 204 U.S. 349, 27 S.Ct. 381, 51 L.Ed. 516.

purposes and that any use thereof for business purposes was incidental; that prior to the leases in question, the rental units were rented as apartmental units; that Bennett in good faith purchased the properties in question, subject to the leases, from Greider, without notice of the dominant domestic use being made thereof, and in good faith charged said tenants, and the tenants, in good faith, paid the consideration set forth in the lease contracts; that excessive rents were charged and paid and that Greider and Bennett should make restitution of the overcharges. As a matter of law, the court concluded that appellants overcharged the tenants for housing accommodations in violation of the Housing and Rent Act of 1947, as amended.

Appellants challenged the court's finding that the premises were used predominantly for residential purposes.

■ We have carefully read the entire record and conclude that it supports the court's finding of predominant residential use. No useful purpose would be served by setting out the evidence in support of such finding.

■ It is next contended that where a business lease is executed and the tenants breach the same by devoting the premises to a predominant residential use, the landlord cannot in a suit by the Expediter be compelled to refund to the tenant the overcharges resulting from such breach. Authorities are cited to the effect that covenants in leases requiring that the premises should be used for a specified purpose are binding and the lessee cannot by breaching such covenants deprive the landlord of the benefits thereof. That, no doubt, is the law as between the parties to the leases, but it would not control nor affect the rights of the government. [3] The Emergency Price Control Act of 1942, and the Housing and Rent Act of 1947, were passed in a war emergency for the purpose of protecting the national economy in the interest of the successful prosecution of the war, as well as well as to stabilize and protect the national economy from the disruptive forces of the war. The Government was an interested party. In furtherance of that interest, it had the right to insist that the provisions of these acts, passed for the national welfare, be complied with. The acts made it unlawful for the landlord to charge or receive more than the fixed maximum rent for housing accommodations. If a tenant breached the covenants of a lease by devoting the premises to other uses than those fixed in the lease, the landlord, as between himself and the tenant, could insist that the conditions of the lease be complied with, or, in the alternative, he could no doubt cancel the lease. He could not, however, continue to permit a breach of the covenant and receive a rent for the use to which the premises were devoted which was in excess of the maximum rent fixed for such uses under the regulations promulgated pursuant to the Housing and Rent Act of 1947. Permitting this would nullify the national policy expressed in the passage of the Act.

■ Finally, it is contended that Bennett, as an innocent purchaser, for value, without notice that the provisions of the leases were being violated, could not be required at the suit of the Expediter to refund the excess charges of rent to the tenant. Paxson et al. v. Smock, D. C., 73 F. Supp. 793, is cited to support this contention. That was not an action by the Expediter to protect the public interest under the Act. It was an action by the landlord to evict the tenants for breach of the covenants of the lease. All the court held was that the landlord could terminate the lease when the tenant was devoting it to a use not authorized by the lease and that such termination did not violate the provisions of the Act. No doubt Greider or Bennett could have terminated the leases for violation of the covenants thereof. They could not, however, permit them to be used for housing accommodations, receive excessive rents for such use, and then urge the tenants' breach as a defense in an action by the Expediter to enforce the provisions of the Act.

Affirmed.

3. Popplewell v. Stevenson, 10 Cir., 1949, 176 F.2d 362.