## UNITED STATES v. HARRIS.
### No. 9750.

United States District Court
E. D. Pennsylvania.
March 23, 1950.

Albert C. Osofsky, Philadelphia, Pa., for plaintiff.

A. Allan Goodman, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This action was instituted by the United States against Albert Harris under Sections 205 and 206(b) of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., asking an injunction against the violation of the Act, treble damages, and restitution of overcharges to the tenant, or if not feasible, such sum to be paid to the United States. The defendant died and the administratrix of his estate, having been substituted, now moves for an order abating the action, on the ground that the causes of action for treble damages and for restitution are for penalties.

It is urged, on the authority of Porter v. Montgomery, 3 Cir., 163 F.2d 211, that an action for treble damages does not survive the death of a defendant because it is a suit for a penalty. There is language in the opinion which might be taken to mean that any action by the United States for treble damages is an action for a penalty, but the case arose under Section 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. Section 205 of the 1947 Act, however, employs unmistakable terminology; it is headed "Recovery of damages" and expressly designates recovery as "liquidated damages". Such a declaration by Congress is controlling upon the courts. Helwig v. U. S., 188 U.S. 605, 613, 23 S.Ct. 427, 47 L.Ed. 614; Bowles v. Farmers Nat. Bank of Lebanon, Ky., 6 Cir., 147 F.2d 425. Consequently, by virtue of the provisions of 28 U.S.C.A. § 2404, the cause of action survives the death of the defendant.

Nor is the cause of action for restitution penal in nature. It is in the nature of a mandatory injunction granted by a court of equity to restore the status quo. Porter v. Warner Holding Co., 328 U.S.

538

395, 66 S.Ct. 1086, 90 L.Ed. 1332; see Bowles v. Skaggs, 6 Cir., 151 F.2d 817, 821. And being equitable in nature, the cause of action survives. Edgerton v. Johnson, 7 Cir., 178 F.2d 106, 110.

Accordingly, the defendant's motion to abate will be denied.