**BURTON et al. v. KATZMAN et al.**
**No. 10251.**

United States Court of Appeals,
Seventh Circuit.
March 7, 1951.

704

J. Homer Andreas, Edward J. Hess, Chicago, Ill., for appellant.

Maurice J. Walsh, John Gannon, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

These are appeals from two judgments, each entered June 28, 1950, in separate actions for the recovery of rental charges received by the defendants in violation of the provisions of the Housing and Rent Act of 1947 as amended, Title 50 Appendix U.S.C.A. § 1891, et seq. Rex Junior Burton and Olive Burton, his wife, as tenants, are plaintiffs in one of the actions, and Thomas F. Walsh and Joan Walsh, his wife, also as tenants, are plaintiffs in the other. The defendants, as the owners or agents of the accommodations in question, are the same in each case. The cases in the District Court were consolidated and tried together; consequently, they come to this court in the same manner.

The basis of the charge in each case is that plaintiffs were required by the defendants as a condition to the rental of the accommodations to purchase furniture at a price of $2,500, that this requirement was made without the written consent of the Housing Expediter and that the sale of furniture was not made in the ordinary or usual course of business or trade. The District Court found that the fair market value of the furniture sold by the defendants to the Walshes was not more than $1,537.82, and the fair market value of that sold to the Burtons was not more than $1,666.80. In conformity with the decision of this court in Small v. Schultz, 173 F.2d 940, the court determined the overcharges in each case as the difference between the amount paid for the furniture and its fair market value as found, and rendered judgment for three times such amount. The Walsh judgment also includes some other small items not in dispute, and each of the judgments includes an award of attorney fees for the plaintiff in the amount of $375.

Two contentions are presented: (1) that the court erred in determining the fair market value of the furniture purchased by the respective plaintiffs, and (2) in any event, there was no proper basis in either case for a judgment against the defendant Minnie Katzman King, either as an individual or in her capacity as trustee.

A brief statement of the facts will suffice. During the period material to these cases, defendant King individually and as trustee under a certain designated trust was

the owner of an apartment building and authorized to lease and receive rentals for the apartments contained therein, including apartments 1-B and 3-A, those leased to the respective plaintiffs. Defendant Theodore Katzman was a brother of defendant King and it was he with whom the plaintiffs had their dealings in the rental of the apartments and the purchase of the furniture. It also appears that he was the owner of the furniture and that it was located in the apartments in question. Defendant King was a licensed real estate broker in the State of Illinois and operated more than one hundred apartments, including those involved in the instant suits. Defendant Katzman advertised the apartments for rent and the furniture for sale. There is no question but that plaintiffs were required to purchase the furniture as a condition precedent to the rental of the apartments. And it appears plain that the apartments, as well as the furniture, were advertised by Katzman with the knowledge and approval of King. Also, she had knowledge when she approved the two leases that the tenants had been required by Katzman to purchase the furniture in order to obtain the accommodations. True, plaintiffs' dealings were with Katzman. The furniture was purchased from and the checks given in payment therefor made payable to him. However, at the time such checks were given, each of the plaintiffs was required to pay one month's rent in advance and the checks for such rent were made payable to King as owner, and thereafter, rental payments were made directly to her.

Defendants' position appears to be that King is not liable because there is no proof that she profited by the transaction, that is, that she had any interest in the furniture or the proceeds derived from its sale. We doubt if that is material, and certainly it is not determinative of the question of her liability. As owner she not only had control of the accommodations and their leasing but knowledge that Katzman was selling the furniture in connection therewith. He was her agent in the rental of the accommodations, and we know of no reason why she should not be held accountable for his activities. Particularly is this so in view of her knowledge that he was selling the furniture in connection with such rentals. Furthermore, she ratified the acts of her agent in selling the furniture as a condition to the renting of the apartments by accepting rent from such tenants, the first payment of which was made to Katzman in connection with and at the time he received payment for the furniture.

As to the value of the furniture, there was dispute as to whether it was new or second-hand. Plaintiff Walsh fixed the value of the furniture which he purchased at about $500, and plaintiff Burton of that which he purchased at from $600 to $700. Perlstein, a dealer in second-hand furniture who examined it some two years after it was purchased, placed a value upon the Walsh furniture of $792, and on the Burton furniture of $703.45. Defendant Katzman testified that he had been in the furniture business all his life and that the Burton furniture cost him $1,666.80, and the Walsh furniture $1,537.82. The trial court fixed the fair market value at the amounts thus testified to by Katzman. The trial judge stated in effect that in fixing such values he was giving defendants the benefit of all doubt. We agree that he did. Based on the testimony of Katzman that the value which he placed upon the furniture was the cost price to him and that there was an ordinary mark-up of 100% in furniture sales, it is argued that the court should have fixed the fair market value at double the amount which was found. There is no merit in this contention. While the evidence as to the fair market value is not as satisfactory as it might be, defendants are in no position to complain when the court fixed the value at the highest figure mentioned by any witness.

The judgments appealed from are

Affirmed.