**UNITED STATES v. FOGALEY et al.**

No. 4235.

United States Court of Appeals
Tenth Circuit.
June 7, 1951.

Walter A. Rochow, Sp. Lit. Atty., OHE, Washington, D. C. (Ed Dupree, Gen. Counsel, OHE, Leon J. Libeu, Asst. Gen. Counsel, OHE, and Cecil H. Lichliter, Sp. Lit. Atty., OHE, all of Washington, D. C., on the brief), for appellant.

Gladys E. Friel, Tulsa, Okl. (Thomas A. Landrith, Jr., and Landrith & Friel, all of Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

On May 25, 1950, the United States commenced this action against the Fogaleys alleging violations of § 4 of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and of § 206(a) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and the Controlled Housing Rent Regulation, as amended, 12 F.R. 4331, 13 F.R. 1861, and seeking damages, injunctive relief; and an order of restitution. At the trial the United States announced that it would not seek recovery of damages. The trial court found that the Fogaleys, as owners and landlords of the housing accommodations located at 412½ South Peoria Street, Tulsa, Oklahoma, rented such housing accommodations to Don F. Williams from February 10, 1947, to August 10, 1949, at a monthly rental of $35 per month; that such housing accommodations were subject to rent control during such period and that the maximum legal rent therefor was $20 per month; and that Federal rent control was terminated in the Tulsa Rent Area under the provisions of the Housing and Rent Act of 1947, as amended, on July 14, 1950.

The proof established that the Fogaleys collected excess rent from Williams during such period in the amount of $450.

The court denied injunctive relief and ordered restitution in the sum of $45, holding that it should not order restitution except for the period where a recovery of damages was not barred by the one-year statute of limitations. Section 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. § 1881 et seq.

In United States v. Moore, 340 U.S. 616, 71 S.Ct. 524, the court held that a prior termination of rent control is not a bar to the granting of equitable relief by an order of restitution, and that the restitution of overcharges may be ordered under § 206(b) of the Housing and Rent Act of 1947, as amended, whether or not injunctive relief is sought or is permissible at the time of the order.[1]

1. See also cases cited in Note 6 to United States v. Moore, supra.

In Blood v. Fleming, 10 Cir., 161 F.2d 292, 295, we held that an action for injunction or restitution is not controlled by the one-year statute of limitations.[2]

At the trial Mrs. Louis Fogaley testified that they purchased the housing accommodations in 1946, and they did not know that the premises were subject to rent control. When the court announced that it "would not go back of one year," no further evidence was introduced with respect to the Fogaleys' knowledge that the housing accommodations were subject to rent control.

 We adhere to our holding in Greider v. Woods, 10 Cir., 177 F.2d 1016, that want of knowledge of rent control is not a bar to an action for restitution. In Woods v. Tate, 5 Cir., 171 F.2d 511, the court held that it is the duty of a landlord, when he comes into ownership of property, to ascertain whether the premises are subject to rent control, and, if controlled, the maximum rent allowable.

At the trial the Fogaleys introduced evidence that repair of the plumbing became necessary because it had developed leaks which permitted water to damage the housing accommodations and that part of the premises on the floor below the housing accommodations; that the tenant refused to make the repairs and refused to permit the Fogaleys to make the repairs; that when the tenant moved out the Fogaleys found the water running in the bathroom and in the lavatory and through the floor to the premises below. The court held that those facts were immaterial and that he would not receive any further evidence with respect to the damages caused by the water.

Relief by way of restitution is equitable in nature and damages wrongfully caused by the tenant should have been considered. The chancellor has power to do equity and mold his decree to the necessities of the particular case. Hecht Co. v. Bowles, 321 U.S. 321, 329, 330, 64 S.Ct. 587, 88 L.Ed. 754.

Equitable relief, under the Housing and Rent Act of 1947, as amended, should be granted in accordance with traditional equity principles and practices, as conditioned by the necessities of the public interest which the Act seeks to protect. Hecht Co. v. Bowles, supra.

The cause is remanded with instructions to vacate the judgment, permit the Fogaleys to introduce evidence of damages wrongfully caused by the tenant and enter an order of restitution in accordance with equitable principles and practices, giving due consideration to the public interest.

2d 919, 921; Smith v. Woods, 5 Cir., 178 F.2d 467, 469; Co-Efficient Foundation v. Woods, 5 Cir., 171 F.2d 691, 696; Warner Holding Co. v. Creedon, 8 Cir., 166 F.2d 119, 121.

---

2. See also: Woods v. Richman, 9 Cir., 174 F.2d 614, 616; Woods v. Witzke, 6 Cir., 174 F.2d 855, 856; Woods v. Wayne, 4 Cir., 177 F.2d 559, 560; Ebeling v. Woods, 8 Cir., 175 F.2d 242, 244, 245; Woods v. McCord, 9 Cir., 175 F.