### UNITED STATES v. LEWORK.

No. 4232.

United States Court of Appeals
Tenth Circuit.

June 7, 1951.

Walter A. Rochow, Sp. Lit. Atty., OHE, Washington, D. C. (Ed Dupree, Gen. Counsel, OHE, and Leon J. Libeu, Asst. Gen. Counsel, OHE, Washington, D. C., on the brief), for appellant.

No appearance for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

On May 3, 1950, the United States commenced this action against Lework, alleging violations of § 206(a) of the Housing and Rent Act of 1947, as amended, 50 U.S. C.A.Appendix, § 1896(a), and the Controlled Housing Regulation, as amended, 12 F.R. 4331, 13 F.R. 1861, and seeking treble damages for overcharges, injunctive relief, and restitution.

The trial court found that Lework leased certain housing accommodations in Tulsa, Oklahoma, to Eddie Thulin for the period from April 26, 1948, to June 1, 1949, and collected rent in excess of the maximum legal rental fixed for such housing accommodations, and that Lework leased certain housing accommodations in Tulsa, Oklahoma, to Virgil Cooper for the period from April 1, 1948, to June 1, 1949, and collected rent in excess of the maximum legal rental fixed for such housing accommodations, and that both such housing accommodations were decontrolled by conversion in June, 1949. The court held that restitution should be denied because all of the overcharges were collected more than one year prior to the commencement of the action. From a judgment dismissing the action the United States has appealed.

The premises were not decontrolled by conversion, because no order was issued by the Housing Expediter decontrolling them. The Housing and Rent Act of 1947, as amended by the 1949 Act, 50 U.S.C.A.Appendix, § 1881 et seq., § 202(c) (3) (A) reads, in part, as follows: "Provided, however, That any housing accommodations resulting from any conversion created on or after the effective date of the Housing and Rent Act of 1949 (April 1, 1949) shall continue to be controlled housing accommodations unless the Housing Expediter issues an order decontrolling them, * * *."

The sole remaining question presented is whether the court erred in denying restitution.

On authority of United States v. Fogaley, 10 Cir., 190 F.2d 163, the judgment is reversed and the cause remanded.