**UNITED STATES v. WATERS et al.**

No. 10479.

United States Court of Appeals,
Seventh Circuit.

March 17, 1952.

---

Morris A. Haft, Chicago, Ill.. (Charles D. Snewind, Chicago, Ill., of counsel), for appellant.

Ed Dupree, Gen. Counsel, Leon J. Libeu, Asst. Gen. Counsel and William A. Moran, all of Washington, D. C., Isadore A. Honig, Special Litigation Atty., Washington, D. C., for appellee.

Before KERNER, DUFFY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This was an action brought by the United States of America under the provisions of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., against Joseph Waters and Anthony Trella, as the owners, and Victor J. Kozelka and Frank J. Kozelka, as the agents, of certain housing accommodations located at 4830–4832 West Cermak Road in Cicero, Illinois. The plaintiff alleged violation of the Act in charges made against the four defendants. Victor J. Kozelka, as attorney, entered appearance for himself and for Frank J. Kozelka but neither appeared either pro se or by counsel at any time during the trial.

The complaint alleged that Guido Peri, the tenant in Apartment 1, paid, and the defendants accepted, $40.00 per month rent for an apartment the maximum legal rental on which had been fixed at $36.50 per month, and that Peri was also required to pay, and the defendants accepted, a bonus of $400 as a condition precedent to the occupancy of said apartment. It was also alleged that the defendants required Jerry Simpson to pay a bonus of $200 as a condition precedent to the occupancy of the apartment he rented. The complaint further alleged that Michael Burke, another tenant, paid $115 per month for an apartment the maximum legal rental on which had been fixed at $40 per month, and that the overcharge collected by the defendants on this apartment amounted to $600 during the period in which Burke occupied the apartment.

The District Court found that the alleged overcharges and bonuses paid by the tenants had all been collected and received by Frank J. Kozelka, contrary to the provisions of the Housing and Rent Act of 1947, while Joseph Waters and Anthony Trella were the owners of the premises. The Court also found that during said time Waters and Trella had engaged Victor Kozelka as their agent; that Frank J. Kozelka, acting for and on behalf of Victor J. Kozelka and the owners, Waters and Trella, rented apartments and collected the rentals from the tenants; and that Waters and Trella accepted as tenants the persons placed in occupancy of apartments by Frank Kozelka and accepted the rentals collected by him.

The District Court concluded, inter alia, that the two Kozelkas were the agents of the defendants Waters and Trella; that the defendants Waters and Trella ratified the acts of Frank J. Kozelka in renting apartments and collecting rents therefor; that the defendants Waters and Trella were responsible and liable for the acts of their agents in regard to the renting of the apartments; that the defendants Waters, Trella, Victor Kozelka and Frank Kozelka violated the provisions of the Housing and Rent Act by demanding and receiving rent in excess of the legal maximum rent or by permitting such excess rent to be collected; and that each of the four defendants was jointly and severally liable for the overcharges. The District Court entered a judgment ordering refunds of $400, $200, and $600 paid to the three tenants, Peri, Simpson and Burke, respectively, and enjoining further violations of the Act. From this judgment the defendants Waters and Trella are prosecuting this appeal.

The appellants' principal contentions are that, upon their purchase of the premises here in question, they employed only the defendant Victor J. Kozelka, through whom they had purchased the property, as their agent to manage the building, to rent the apartments therein and to collect the rents therefrom. They insist that they never

**868**

employed defendant Frank J. Kozelka as their agent; that they did not know that Frank J. Kozelka was renting apartments and collecting rents from the premises; that they did not know of the overcharges and bonuses which he collected; and that they did not receive the same.

 As we have pointed out above, the District Court not only found that Waters and Trella had clothed both of the Kozelkas with apparent authority, but also found that they were agents of Waters and Trella. While there is some conflict in the testimony, we are of the opinion that there was sufficient evidence to sustain the finding of the District Court as to the agency of both Victor J. Kozelka and Frank J. Kozelka.

Defendants Waters and Trella purchased the property here in question on May 1, 1948, through Victor J. Kozelka, a real estate agent whose office was located at 2341 Clinton Avenue, Berwyn, Illinois. Frank J. Kozelka was the brother of, and worked with, Victor J. Kozelka. Defendant Trella testified that he left the management of the building up to Waters but admitted that he and Waters had personally done repair work in the apartment building, and that during the time they were in the building Mrs. Peri, the wife of the tenant Peri, may have talked to him but that he did not recall whether she did or not.

Waters testified that he and Trella gave the management of the building to Victor Kozelka. Waters said that he knew Frank Kozelka and that he knew Frank was a brother of Victor Kozelka. Although Waters denied that he had ever given Frank Kozelka any authority to act as his agent in connection with the property, when he was asked: "Did Frank Kozelka tell you that a tenant by the name of Simpson had moved into the building?" Waters answered: "He may have told me that he had a tenant in the building, but he didn't tell me what his name was." This would certainly indicate that Waters knew that Frank Kozelka was having something to do with the renting of the apartments. Counsel for Waters and Trella admitted that the partners knew they were collecting $115 rental per month for the Burke apartment, the maximum legal rent on which was only $40 per month. This would indicate that they were not averse to collecting over-ceiling rentals. Waters said he knew that Victor Kozelka had a real estate office, but did not know whether he had any assistants or not. Waters testified that during the period from May 1948 through the rest of that year he did not receive rentals from Kozelka, but that Kozelka deposited the rentals in the bank to the account of the partners and that the partners drew on that account to pay their bills. This, of course, constituted payment to and receipt by Waters and Trella of the rentals. Waters also testified that Frank Kozelka absconded with rentals collected during about the last three months of the period in question. That was the act of the agent, over which the tenants had no control and for which they were in no way responsible.

Theresa Peri, the wife of tenant Guido Peri, testified that one day when Trella was in the building working in one of the apartments, she asked him about the possibility of their renting that apartment, and that Trella said he would talk to Mr. Kozelka and to Mr. Waters about it. Mrs. Peri said that the following day Frank Kozelka came to her and told her that Trella had told him that they were interested in the apartment and then said, "We want $480 for that apartment"; and that the next day he came back and lowered the amount to $400, which she and her husband paid in addition to the maximum rental of $40 per month. At that time Mrs. Peri said she demanded of Kozelka a statement "signed by the three of you" which would guarantee that they "could live there at least a year." The statement Frank Kozelka delivered to the Peris, pursuant to Mrs. Peri's demand, stated that the Peris were guaranteed tenancy for one year at the legal maximum rental in consideration of their "doing decorating work in the amount of $400.00." This statement was signed: "Joseph Waters, Anthony Trella, By F. J. Kozelka, Agent." Mrs. Peri said that the remodeling work in that apartment was started before the Peris talked about renting it. She also said that they made all their payments to Frank Kozelka.

Jerry Simpson, another tenant, testified that he was required to pay, and did pay, a total bonus of $200 to Frank Kozelka who said that the owners wanted it. Simpson, on a Saturday, paid $100 and was given a receipt saying that it was received as a "rental deposit" on the apartment "subject to owners approval," and that "if owners reject this offer deposit will be returned." Simpson said that on the following Monday Frank Kozelka came back and said the owners had accepted the offer. Frank Kozelka then collected the second $100 and in return gave Simpson a written statement guaranteeing him a tenancy of one year in consideration of Simpson's decorating the apartment. Actually Simpson decorated the apartment, paid the legal maximum rent and also paid the $200 bonus.

The evidence here definitely shows that Frank Kozelka was working out of the brothers' real estate and insurance office; that he collected all of the rentals here in question from the tenants; and that the rentals were then deposited in the bank account of the partners.

One of the partners admitted that he knew Frank Kozelka and knew that Frank was a brother of Victor Kozelka. The testimony of Waters indicated that he knew that Frank Kozelka was renting apartments in the partnership building. It was shown that the rental collections made by Frank Kozelka were made in the apartment building and that they were not taken by the tenants to the real estate office. It was also shown that for many weeks during the period in which Frank Kozelka was making these collections, the partners were personally doing remodeling and redecorating work in their building. Counsel for the partners admitted in the trial that the partners knew that one of the tenants, Burke, was paying $115.00 per month for an apartment on which the legal maximum monthly rent was only $40.

There was an abundance of evidence from which the District Court could infer, despite the denials of the partners, that Frank Kozelka, in making these collections, was acting as the agent of the partners. Here, as in Burton v. Katzman, 7 Cir., 187 F.2d 703, we see no reason why the prin-

cipals, Waters and Trella, should not be held accountable for the acts of their agent, Frank Kozelka. A principal is liable civilly for the tortious acts of his agent which are performed within the scope of the agent's authority.

The judgment of the District Court is affirmed.