## JACOBS v. UNITED STATES.

No. 4646.

United States Court of Appeals
First Circuit.

Oct. 29, 1952.

David W. Jacobs, Dorchester, Mass., for appellant.

Cecil H. Lichliter, Sp. Litigation Atty., Office of Rent Stabilization, Washington, D. C. (Ed Dupree, General Counsel, A. M. Edwards, Jr., Asst. Gen. Counsel, and Nathan Siegel, Sol., all of Office of Rent Stabilization, Washington, D. C., on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This appeal is from a judgment in favor of the United States under the Housing and Rent Act of 1947, as amended, 61 Stat. 193, 63 Stat. 18, 50 U.S.C.A.Appendix, § 1881 et seq., enjoining further violations of the Act and regulations thereunder, and ordering restitution to the tenant of rent overcharges occurring during the period July 1, 1948, to August 31, 1950, and awarding statutory damages to the plaintiff.

The landlord's principal defense to the complaint was that the premises in question, described as Apartment No. 2, 49 Chambers Street, Boston, Massachusetts, were used by the tenant for a predominantly business purpose, and therefore that the rent for the premises as an entirety was not controlled under the applicable rent regulation. In volume 6 of the Office of the Housing Expediter Manual—Sec. 1 Definitions—III, an official interpretation of the rent regulation is given, as applied to premises rented for combined business and dwelling purposes. The ruling is that where the business and dwelling portions, though rented to a single tenant, are not separable, in accordance with the criteria contained in the interpretation, then the premises as an entirety are either subject to control or free of control, dependent upon whether the predominant use is for housing accommodations or for business purposes. In this respect the Housing Expediter has followed a similar administrative interpretation which was given to the rent regulation issued under the Emergency Price Control Act, and which is printed in Pike & Fischer OPA Service 200:851 (May, 1943). See Greider v. Woods, 10 Cir., 1949, 177 F. 2d 1016; Smith v. Woods, 5 Cir., 1949, 178 F.2d 467.

Since 1924 the premises had been occupied as a residence by the same tenant, Dr. Bernard S. Schwartz, and he there carried on his practice of dentistry. On March 1, 1942, the freeze date for the defense-rental area, he was paying a rent of $50 a month, so that under the terms of the rent regulation issued under the Emergency Price Control Act of 1942, $50 per month became the maximum rent. A registration statement filed by the then owner of the premises so stated, and the court below so found, on ample evidence. The maximum rent so established automatically became the maximum rent under § 204(b) of the Housing and Rent Act of 1947, 61 Stat. 198.

Dora Jacobs, the defendant in the present action, became owner of the premises on July 1, 1948, and from that date up to August 31, 1950, she demanded and received from the tenant, Dr. Schwartz, the sum of $65 per month.

The district court made the further finding:

"I find that the predominant use of these premises was as a home and residence for Dr. Schwartz and that the use of the front portion of the suite for a dental office was incidental to the use of the premises as his home. He is in exactly the same situation as a great many doctors and dentists who conduct their professional services in their own homes. The fact that there is some business conducted in the home does not remove it from the residential class."

This finding was warranted by the testimony of the tenant and by other evidence in the case and cannot be found by us to have been "clearly erroneous".

Appellant objects to certain rulings by the trial judge restricting the cross-examination of one of plaintiff's witnesses. We do not think that the trial judge was guilty of an abuse of discretion or of other reversible error in this matter. We have considered other minor points advanced by appellant and find them to be without merit.

The judgment of the District Court is affirmed.