## UNITED STATES v. PETERSON.
### Civ. No. 516.

United States District Court,
D. New Jersey.
April 9, 1953.

584

Harold L. Wertheimer, Atlantic City, N. J., for plaintiff.

Breslin & Breslin, Hackensack, N. J., for defendant, Roger Breslin, Hackensack, N. J.

## MODARELLI, District Judge.

This suit is based upon rent overcharges. The United States brings this action under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix § 1881 et seq.

The premises in question are the easterly portion of a duplex apartment consisting of six rooms on two floors, known as 256 East Ridgewood Avenue, Ridgewood, New Jersey. The trustees of the property, the First National Bank and Trust Company of Ridgewood and Anita Herman, sold the property to the defendant-landlord on December 1, 1947. At that time one Edward Richards occupied the premises under a lease dated March 5, 1937, which fixed the rental at $40 a month. Richards occupied the premises at that rental until his death in 1949. A registration form was filed with the Housing Office by the trustees of the property. The form bears the signature of Anita Herman and was filed with the Area Rent Office by the bank. The maximum legal rent is established at $35 a month by this registration statement, evidencing that a reduction of rental was agreed upon by Richards and his landlord.

■ . The apartment was vacant from early 1949 until occupied by Minnie P. Rose and her daughter, Miss Jean Gilmore, on November 1, 1949. These tenants,

"doing business as Rose Lodge," entered into a written lease with the landlord on October 22, 1949, for two years, at a rental of $75 a month, to be occupied "for business purposes." That tenants agreed to pay the excess rental and that the lease provided for the higher figure is no defense to the government's complaint. Regulations of the Office of Housing Expediter, 24 C.F.R., Sec. 825.22; Woods v. Mahoney, D.C.Pa.1948, 81 F.Supp. 214; West v. Winston, D.C.Pa.1948, 8 F.R.D. 311.

The pertinent question is: Was the apartment used as a dwelling by either Richards or Minnie Rose?

■ The defendant claims that Mr. Richards used the premises only for the tailoring business and not for a dwelling. The burden of proving this assertion falls upon defendant. Woods v. Oak Park Chateau Corp., 7 Cir., 1950, 179 F.2d 611; Walling v. General Industries, 1947, 330 U.S. 545, 67 S.Ct. 883, 91 L.Ed. 1088; Bray v. Peck, 9 Cir., 1951, 190 F.2d 998. That burden defendant has not sustained. Firstly, the lease to Richards states that the premises may not be used other "than for a *dwelling* and custom tailor shop." (Emphasis supplied.) Secondly, the apartment was registered with the Area Rent Office by the trustees as a rental dwelling with a monthly ceiling of $35. See Woods v. Tate, 5 Cir., 1948, 171 F.2d 511. The only testimony helpful to defendant's assertion was that of a Mr. Sullivan, who testified that he had been through the rooms and recollects no evidences of its use as a dwelling. But Mr. Sullivan's observations were made in 1945. No proof of their use before or after that date is proffered. This testimony is insufficient to offset the weight of the lease and the registration, particularly since the premises contained a kitchen, sleeping, and toilet facilities.

■ Turning to the use by Minnie P. Rose, we find that despite the terms of her lease she never intended nor, in fact, used the premises as a business. No indicia of an alleged tea room or beauty shop were to be found on the premises. No customers were produced; no testimony of immediate neighbors who surely would have observed such activity. Both Mrs. Rose and her

daughter testified that the lease did not accurately reflect the intention of the parties; that the agent stated in order to be permitted to occupy the apartment as a dwelling the lease had to be signed as it stood. I am satisfied that such is the fact, and the landlord must be held responsible for the acts of his renting agent. United States v. Waters, 7 Cir., 1952, 194 F.2d 866; Burton v. Katzman, 7 Cir., 1951, 187 F.2d 703.

The court finds that rental overcharges were assessed, but is not satisfied that the violation was willful. The landlord neither negotiated the terms of the lease nor drew up the document, but left it to real estate agents. The landlord had extensive land holdings in the area and knew little of the details of letting. He testified that it was not until May of 1951 that he was made aware the apartment was under rent control. Damages will be for the full amount of the overcharge, not for treble damages, and refunded to the tenant by the defendant. An injunction will issue. Greenberg v. Gilman, 5 Cir., 1949, 173 F.2d 703; West v. Winston, supra; United States v. Asher, D.C.W.D.Mo.1950, 90 F. Supp. 257; United States v. Leslie Apartments, D.C.E.D.N.Y.1950, 96 F.Supp. 355; Piazza v. Zimmermann, La.App., 1950, 49 So.2d 491.

An order may be submitted in conformity with the opinion herein expressed.