**HOWARD et al.**

v.

**UNITED STATES.**

**No. 4765.**

United States Court of Appeals
Tenth Circuit.

July 8, 1954.

Rehearing Denied Aug. 3, 1954.

H. Gordon Howard, Denver, Colo., pro se, for appellants.

Clifford C. Chittim, Asst. U. S. Atty., Boulder, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action against appellants, H. Gordon Howard and Iola Howard, his wife, for statutory damages under Section 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1895, and for injunctive relief and restitution of rent overcharges under Section 206(b) of that Act, as amended, 50 U.S.C.A.Appendix, § 1896(b). The amended complaint alleged that from September 25, 1947, to December 2, 1949, defendants had demanded and received rent from the tenant in question of $60 per month, whereas the maximum lawful rent was $25 per month. The complaint

asked for treble damages, restitution to the tenant of $910, the amount of the overcharges, and injunctive relief.

The defendants filed their answer, alleging among other things that the wife, Iola Howard, did not participate in either the ownership or leasing of the premises. When the case was called for trial, the Government dismissed the part of its complaint with respect to statutory damages. Thereupon, the court excused the jury, over the protest of defendant Howard, on the ground that the cause was entirely in equity and no longer presented a matter for a jury.

At the conclusion of the trial, the court found that the defendants were the landlords of the housing accommodations in question; that they overcharged the tenant $35 per month for a total period of 26 months, in the total sum of $910. The court also made appropriate conclusions of law and based on the findings and conclusions entered judgment of restitution requiring defendants to forthwith pay to the Treasurer of the United States for the tenant's benefit the sum of $910 and the costs of the action.

The Government concedes that the evidence does not support a finding and judgment against the wife, Iola Howard, and that the judgment against her is erroneous and must be reversed. It does not, however, follow as a matter of law that the judgment against appellant, H. Gordon Howard, must likewise be reversed as contended for by him. It is a well settled principle of law that where a joint judgment is erroneously entered against two defendants it may be reversed as to one and sustained against the other unless it is based upon a cause of action "of such a nature that it might work injustice to one party defendant, if it were to remain intact as against him while reversed for error as to the other defendants". Washington Gas Light Co. v. Lansden, 172 U.S. 534, 19 S.Ct. 296, 304, 43 L.Ed. 543.[1]

It is clear from the record that the retention of Iola Howard as a party defendant in nowise resulted in prejudice to appellant, H. Gordon Howard. It did not impede, hamper or prejudice him in any way in his defense of the case. The same evidence would have been introduced that was introduced. Her presence did not influence the admission or rejection of any evidence. The trial went on much the same as if she had not been a party thereto.

Appellant Howard contends that the court's findings of fact and conclusions of law that defendants were landlords and overcharged the tenant $910 is without support in the record. The argument is that this is a joint finding against the husband and wife and that since the wife was not a proper joint defendant the entire finding must fall. What has been said with respect to the joint judgment against the two defendants applies with like force to these findings. The finding that the wife was a joint landlord and jointly overcharged rent cannot stand. But the findings and conclusions against the husband that he was a landlord and collected overcharges, like the judgment, are supported by competent evidence and must stand. He was in nowise prejudiced by the findings against his wife.

It is urged that the court erred in concluding that the Government was entitled to an injunction because, long before the trial, the Housing and Rent Act had been repealed with respect to the Denver area. But the court did not grant an injunction enjoining future violations of the Act. In its conclusion of law No. 3, of which complaint is made, the court concluded that plaintiff was entitled to an injunction ordering defendants to make restitution of the overcharges and the judgment of the court was that the defendants "forthwith pay to the Treasurer of the United States" the amount of overcharges found to be

1. See also Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997; James-Dickinson Co. v. Harry, 273 U.S. 119, 47 S. Ct. 308, 71 L.Ed. 569; Dollar S.S. Lines v. Merz, 9 Cir., 68 F.2d 594.

due for the benefit of the tenant. This was an action for restitution. Restitution has been described as in the nature of a mandatory injunction granted by a court of equity to restore the "status quo." See United States v. Harris, D. C., 89 F.Supp. 537. Whether the word "injunction" or other appropriate phrases are used, the conclusions of law and judgment based thereon was one ordering or directing the defendants to restore that which had been unlawfully exacted and this the court had power to do.

■ It is also urged that appellant was denied his constitutional right to counsel at the trial. While appellant Gordon is a practicing attorney, he had employed other counsel to represent him in the trial. When the case was called for trial, his counsel was not present. Howard addressed the court as follows: "I will have to handle the case myself, your Honor. I guess my attorney was too busy to come." After some colloquy and without objection on his part or request by him for a continuance, the trial was held, Howard acting as his own attorney. No extended discussion of this assignment of error or exposition of the law respecting the right of one to be represented by counsel in a civil suit would be fruitful. It is sufficient to say that Howard did not move for a continuance so his counsel could be present but chose to represent himself and proceed with the trial. Obviously he suffered no deprivation of constitutional rights.

■■ Neither is there merit to the contention that appellant was entitled to a jury trial. When the Government dismissed its action for treble damages, all that remained was an action for restitution of the unlawful amounts exacted from the tenant. We have held that restitution is equitable and that the granting of injunctive or restitutive relief under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., is an exercise of jurisdiction by a court of equity.[2] It is elementary that in such a case one is not entitled to a jury trial.

■ Plaintiff's final contention that the trial court erred in granting monetary relief in excess of one year is likewise without substance. He cites Section 205 of the Housing and Rent Act of 1947, as amended, providing that an action for the recovery of money thereunder was limited to one year. But as pointed out this was not an action by the Government to recover any money as damages. That part of the action was dismissed. Had it remained in the case, the recovery would under this section have been limited to one year. All there remained in the case was an action for restitution and such an action is not controlled by the one year statute of limitations under Section 205.[3]

The judgment insofar as it is against Iola Howard is reversed and as to her the cause is remanded with directions to dismiss. In all other respects the judgment appealed from is affirmed.

---

2. United States v. Carter, 10 Cir., 197 F. 2d 903; See also United States v. Fogaley, 10 Cir., 190 F.2d 163.

3. See United States v. Fogaley, 10 Cir., 190 F.2d 163.