IN RE APPLICATION TO REGISTER
"LUTALI" MATAI TITLE OF AUNU'U

No. 1056

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

June 12, 1970

Heard before GOSS, *Associate Justice;* TAUALA and MASANIAI, *Associate Judges;* MALAU'ULU and MUASAU, *Assessors.*

### PARTIES AND APPEARANCES

Counsel for A. P. Lauvao Lolo, Claimant, Tuiteleleapaga Napoleone.

Counsel for Moeaveave Iosia, Movent, Mariota Tuiasosopo.

### DECISION DELIVERED FOR THE COURT

GOSS, *Presiding Judge.*

The motion of Moeaveave Iosia "to reconsider, to nullify

decree, and to adjudicate Moeaveave Iosia to be matai, or, in the alternative, for a trial, motion to correct error in law, and for a stay of execution" filed May 25, 1970, and amended June 4, 1970, came regularly on for hearing on June 8, 1970. Affidavits submitted by Moeaveave Iosia and A. P. Lauvao Lolo were considered. In essence the movent Iosia, seeks herein relief from the Order of Dismissal entered on April 15, 1970, after withdrawal of all claimants and objectors except for Chief Lolo. Besides various other matters, the movent claimed:

1. Movent's branch of the Lutali family is the branch of which former claimant-objector Taimanu T. Taupule is a member, and its members were not aware of and did not authorize the withdrawal of Mr. Taupule's claim and objection.

2. Movent's branch of the family had objected to the title being conferred on Chief Lolo and had not withdrawn its objection.

On May 11, 1970, the Territorial Registrar registered the title in the name of A. P. Lauvao Lolo. The appeal period having run (Section 3.0502, Code of American Samoa), movent filed a motion for relief from the order of dismissal.

Prior to his motion of May 25, movent was not a party to the case. The motion, amendment and affidavits set forth a great variety of claims, but it is necessary to consider only the issue of whether movent may intervene in a dismissed case to which he had not been a party.

Movent is proceeding under Rule 60 of the Rules of Civil Procedure for the United States District Courts, which reads in part as follows:

RULE 60. RELIEF FROM JUDGMENT OR ORDER.

\* \* \*

(b) MISTAKES: INADVERTENCE; EXCUSABLE NEGLECT;

11

NEWLY DISCOVERED EVIDENCE; FRAUD, etc. On motion and upon such terms as are just, the court may relieve a *party or his legal representative* from a final judgment, order, or proceeding for the following reasons . . . (Emphasis added).

Rule 60 was adopted by the Territorial Legislature as a Rule of Civil Procedure for American Samoa in C.A.S. 3.0608.

█ The primary duty of a Court is to encourage and assist the parties themselves in settlement of their controversy, and if this fails then the less satisfactory Court proceedings follow. It is clear that Moeaveave Iosia was not a party to this case, nor is he the legal representative of Chief Lolo, the only party at time of dismissal. He is therefore not permitted to move for relief from the Order of Dismissal. *Screvin v. U.S.*, C.A. Colo. 1954, 214 F.2d 759.

█ It is not possible for a contested case to be tried with only one party. The dismissal was in accordance with a long standing interpretation of C.A.S. 6.0106 by the High Court. *Tuiteleleapaga et al. v. Tuiteleleapaga*, Trial Division No. 378 (Civil), 1968.

It should be noted that even if movent were entitled to appear in this action, the motion should not be granted. The Court finds that (1) notice of the filing of the claim of Chief Lolo was duly given as required by C.A.S. 6.0105, and (2) while Mr. Taupule's claim purported to be on behalf of rest of the Lutali family, the objection filed herein by Mr. Taupule was his personal objection and was not worded as if made on behalf of any branch, clan or other class:

Please accept this as my formal objection against the offer to register the matai title *LUTALI* of Aunu'u by one LAU-VAO–LOLO for the following reasons.

12

When Mr. Taupule withdrew his objection and claim, there was nothing further upon which the Court could act.

On April 3, 1970, the Court entered an order against the filing of any further claims or objections. This order was made almost one year after filing of the first claim, and was necessary in order that pre-trial conferences and trial could proceed in an orderly manner.

That this procedure was in accordance with Legislative intent as to the construction of C.A.S. 6.0106 is indicated by the fact that in 1970 the Section was amended to prohibit the filing of claims and objections after notice of a claim had been posted for 60 days.

██ Counsel has cited no matai title case wherein a withdrawal of a claim or objection has been treated as a withdrawal of a personal claim or objection only, so that a substitute claimant or objector was accepted as a party after the time for filings had been treated as closed. The Court concludes that a substitution cannot be made later than the deadline for filings established by statute or Court order.

The dismissal was entered by a single Justice pursuant to C.A.S. 3.0202, 3. A quorum of the Land and Titles Division had never convened herein until the hearing of this motion. The Court has not ruled on the qualifications or support of any claimant for the title: therefore these matters are not relevant to this proceeding. The Court's action having been to dismiss an uncontested case in accordance with long established precedent, movent's cause of action, if it existed, should have been directed to the Territorial Registrar.